NAOMI PETERS AND HUSBAND v. Z. C. CLEMENTS.

1. NOTICE.—The entry upon the records of deeds of an instrument not legally authenticated for record, has no effect as notice.
2. EXECUTED CONTRACT FOR SUBSTITUTE IN THE C. S. ARMY.—Such contract, after performance, is effectual in support of payment under a plea of innocent purchaser.
3. VENDOR AND VENDEE—ESTATES IN EACH.—It has been settled, by a long train of decisions, that where the vendor retains in his deed a lien for the purchase-money, he has the superior right to the land against the vendee. and those in privity with him, as long as the purchase-money remains unpaid; until the land is paid for, the vendee, and those claiming in his right as against the vendor, have merely an equitable and not the legal title to the land.
4. NOTICE—RECITALS.—Subsequent purchasers are bound by the recitals in the deeds through which they claim, and are held to have had notice of whatever equities are apparent in the line of their title.
5. FORECLOSURE OF VENDOR'S LIEN.—Where the vendee is in default in the payment of the purchase-money, the vendor may sue for the land and recover it, unless the vendee make good his equitable title by payment; or he may foreclose his lien, and subject the land to sale for the payment of the purchase-money.
6. ESTOPPEL.—Where the vendor forecloses his lien, and a third party becomes the purchaser, the vendor is estopped from controverting the title, or from taking advantage of any irregularities in the

proceedings of foreclosure; and if necessary to the security of the purchaser, equity will subject him to the rights of the plaintiff or vendor.

7. SEPARATE PROPERTY.—Where, at a sale enforcing the vendor's lien in favor of the husband, the land was bid off by the agent of the husband, and the sheriff's deed made to the wife by the direction of the husband, the amount of the bid being credited on the judgment, in a suit brought by the wife, joined by her husband, on such title,—the court will regard the proceedings as vesting title in the wife as separate property.

8. PARTIES—VENDOR'S LIEN.—Proceedings by suit, judgment, and sale to enforce the vendor's lien against the vendee, do not conclude the rights of a purchaser who had a deed and was in possession at the institution of the suit.

9. PARTIES—PRACTICE.—In a suit against a purchaser from a vendee, of land on which the vendor's lien rested, and of which such purchaser is affected with notice, the defendant has the right to redeem, or to have the original vendee made a party, and others, who may be purchasers, and have their equities adjusted.

10. SAME—CHARGE OF COURT.—In such suit it was error to instruct the jury that both plaintiff, who claimed under the purchase under decree enforcing the vendor's lien, and the defendant, holding by purchase of vendee before suit, held under the original vendee; and that defendant, not being party to the suit enforcing the lien, was on that account entitled to recover.

APPEAL from Cass. Tried below before the Hon. M. L. Crawford.

This was a suit by Naomi Peters, joined by her husband, to try the title to four hundred and fourteen acres of land, alleged to be the separate property of Naomi Peters.

The land in controversy was part of a one-third league patented to Richard Peters. Richard Peters, in 1859, sold the third league, less three hundred and twenty acres, to Thomas M. Peters, who on 14th August, 1860, conveyed the land sold to him to W. F. Connell. The deed to Connell was made jointly by Thomas M. and Naomi Peters, in the State of Alabama, and was acknowledged by them (not privily by the wife) before a justice of the peace in Alabama, and was recorded in Cass county on this proof. The certificate of authentication is not, and does not, purport

to be under seal, and does not purport to be made by a judge of a court of record having a seal. It bears date 14th September, 1860.

This deed shows that part of the purchase-money was secured by notes described in the deed, and it was not questioned that as between Peters and Connell they were a lien on the land.

On the 14th day of November, 1863, W. F. Connell sold the four hundred and fourteen acres in controversy, by deed of that date, to G. H. Fitzgerald, "for three thousand dollars, or its equivalent, as his substitute in the Confederate army," by deed with general warranty, which deed was duly recorded. Connell went into possession of the land in 1863, under his deed from Peters.

On 14th September, 1864, G. H. Fitzgerald and wife conveyed the same land, by deed with general warranty, to Rufus Day, which deed was duly recorded.

On 26th November, 1867, R. H. Day conveyed the same land, by deed with general warranty, to L. C. Clements, defendant in this suit, which was duly recorded.

On the 23d November, 1865, Thomas M. Peters filed in the District Court of Cass county his petition against William F. Connell, to recover the notes given by him for the land, and to foreclose the vendor's lien on the whole tract, including the four hundred and fourteen acres sold by Connell to Fitzgerald November, 14, 1863. Neither Fitzgerald nor his vendees were made parties to this proceeding. The court rendered judgment in favor of Peters and against Connell for the debt, and foreclosing vendor's lien. On this judgment an order of sale was issued, and the land sold by the sheriff to Naomi Peters, wife of Thomas M. Peters, on the first Tuesday in December, 1869, for $2,200, which was paid by crediting order of sale with said sum, and deed was made to her for the land by the sheriff. This purchase was made by J. J. Peters, agent of Thomas M. Peters, and the credit and deed made by his direction.

*J. J. Peters*, for appellants, cited Briscoe *v.* Bronaugh, 1 Tex., 333; 1 Story's Eq., 385, 400, 405, 406; Story's Eq. Pl., 156; Shearon *v.* Henderson, 38 Tex., 250; Baker *v.* Ramey, 27 Tex., 59; Watkins *v.* Edwards, 23 Tex., 443; Beaty *v.* Whitaker, 23 Tex., 528; Rorer on Jud. Sales, 215, 443; Wendell *v.* Van Rensselaer, 1 Johns. Ch., 344; Sudg. on Vend., 1022, and note; 31 Tex., 257; Donley *v.* Tindall, 32 Tex., 55; Morgan *v.* Taylor, 32 Tex., 366; Kennett *v.* Chambers, 14 How., 38; Napier *v.* Jones, 47 Ala., 90; 23 Ala., 255; 4 Kent, 10, 151; Johnson *v.* Thweat, 18 Ala., 471; 1 Yerg., 366; 2 Kent, 324; 10 Peters, 161, 175; 5 Coke, 113; Coke on Lyt., 309; Paschal's Dig., 52, 95; Rivers. *v.* Foote, 11 Tex., 671.

*Mason & Campbell*, also for appellants.

1. The deed from R. H. Day to the appellee, of 25th November, 1867, so far as the rights of the appellants were concerned, conveyed no title; was in effect a nullity. The said purchase was made *pendente lite*.

During the pendency of suit, viz, on the 25th November, 1867, the appellee, with full knowledge of said lien and of the pendency of said suit, purchased the land from Day, and took Day's deed therefor. That he had constructive notice of the fact is attested by the registry of the deed and the pendency of the suit pertaining to the specific property; and that he had actual notice, we think is sufficiently shown from the testimony.

The appellee being a purchaser *pendente lite*, was not a necessary party in the suit of Peters *v.* Connell, to enforce the lien. Fitzgerald and Day were not necessary parties, because the former had parted with all his interest before the institution of the suit, and the latter to appellee before its termination.

The purchase of appellee from Day was precisely as if he had purchased from Connell, the original vendee of Peters. It will not be questioned, if appellee had purchased directly from Connell *pendente lite*, he would have been precluded

from any and all rights under his purchase. But we contend that as assignee of Day, who was assignee of Connell, he (appellee) stands in no better attitude. (Story's Eq., sec. 406.)

"He who purchases during the pendency of a suit is held bound by the decree that may be made against the person from whom he derives title, and such purchaser need not be made party to the suit." (Ib.)

Therefore, as between the parties in interest, the conveyance from Day to appellee was a nullity, and, in the language of Judge Story, "should be treated as if it never had any existence." (Ib.; 1 Briscoe *v.* Bronaugh, 1 Tex., 326.) On the same subject, see Shearon *v.* Henderson, 38 Tex., 250, and cases cited.

The case at bar was founded on the suit of Peters *v.* Connell for the recovery of the debt and "in relation to" the land in question, setting up a particular equity therein, to wit, the vendor's lien, and hence the appellee at the date of his purchase was charged with notice of said equity and of the proceedings to enforce it. In such case our court has held that such purchaser is a *mala fide* purchaser, and not a necessary party to the suit. (Briscoe *v.* Bronaugh, 1 Tex., 332, 333.)

The South Carolina court held, "when a bill is filed to obtain an estate charged with the payment of debts, and the property is purchased during the pendency of the proceedings, the purchaser takes it subject to the complainant's claim. (Edmonds *v.* Cranshaw, 1 McCord Ch., 264.)

We therefore insist that the charge asked for by appellants, and refused by the court, should have been given to the jury, to wit: "If Clements had notice that the land he claimed was involved in the suit of Peters *v.* Connell, then he was bound to take notice thereof, and would be bound by the judgment rendered in that case." (Story's Eq., 406, as above cited.)

Appellee, therefore, being a purchaser *mala fide*, was a trespasser and should be ejected by this suit.

2. But suppose appellee and Fitzgerald and Day were all necessary parties in the suit of Peters *v.* Connell: what then? All these vendees of Connell bought the land with full knowledge of the vendor's lien. The lien was expressly retained in the deed from Peters to Connell. All that Fitzgerald, Day, and appellee acquired was the equity of redemption; and the failure to make them parties in the foreclosure suit did not extinguish the vendor's lien. If necessary parties to that suit, the only result from the judgment therein, as far as they were concerned, was that their rights were not concluded. What were those rights? Nothing but the right to redeem. (Buchanan *v.* Monroe, 22 Tex., 537.)

We refer to the case of Baker *v.* Ramey, 27 Tex., 59, as in point. There the court held, in effect, that although the vendee who purchased from the original vendee was not made a party to the suit to foreclose, yet he cannot hold the land without paying the purchase-money, and will be ejected in an action of "trespass to try title."

3. Appellee was estopped from setting up title in himself to the land in dispute. He stood by and permitted the land to be sold without objection. (See his own testimony, p. 68; 1 Story's Eq., sec. 385, n. 5.)

4. As to 3d assignment of error, we refer to Kennett *v.* Chambers, 14 How., (U. S.,) 38.

5. See 8th assignment of error. Appellee, in his answer, having pleaded his title, should have been confined to it. (Rivers *v.* Foote, 11 Tex., 670.) He gave no notice in his answer that he would rely on the deed from Fitzgerald to Day, and should not have been permitted to read it.

*Jones & Henry,* for appellees.—Plaintiff Naomi Peters sued for the land as her separate property. The proof showed it was community. (Mitchell *v.* Marr, 26 Tex., 330; Higgins *v.* Johnson, 20 Tex., 389; Rose *v.* Houston, 11 Tex., 324; Hatchett *v.* Connor, 30 Tex., 104; Holloway *v.* Holloway, 30 Tex., 164.)

The deed from Peters and wife to Connell, having been acknowledged before a justice of the peace, was improperly admitted to record. (Paschal's Dig., art. 1004.)

Fitzgerald was a *bona fide* purchaser, and his want of notice protects defendant Clements, who claims through him. (Story's Eq., secs. 409, 410.)

Plaintiff, by his agent, admitted defendant Clements's title, induced him to expend money to improve the land, which estops him. (Fonblanque's Eq., Note to p. 143; Story's Eq., pp. 412, 413, secs. 385–388.)

The illegality of the consideration of the deed from Connell to Fitzgerald will not now be inquired into, it being an executed contract. (Piegzar *v.* Twohig, 37 Tex., 225; Donley *v.* Tindall, 32 Tex., 43.)

The charge asked and refused was inapplicable. It was not the duty of the court to modify it. No such issue was made by the pleadings. (Hagerty *v.* Scott, 10 Tex., 525; Thompson *v.* Shannon, 9 Tex., 536; Wheeler *v.* Moody, 9 Tex., 372; Davis *v.* Loftin, 6 Tex., 489; Hardy *v.* De Leon, 5 Tex., 211; Wells *v.* Barnett, 7 Tex., 584.)

The plaintiff asked no charge as to the law of estoppel.

MOORE, ASSOCIATE JUSTICE.—On the 14th of August, 1860, Thomas M. Peters and Naomi Peters executed to W. F. Connell their deed for eleven hundred and fifty-six acres of land, of which the tract here in controversy is a part, retaining in the deed a lien to secure two notes given for a part of the purchase-money, and payable to Thomas M. Peters or bearer. The execution of the deed was acknowledged by the grantees on the day of its date, before the judge of probate of Laurence county, State of Alabama; but the certificate of the judge is not authenticated by a seal, nor does it show that the officer making it was a judge of a court of record having a seal. Nevertheless, the deed, by virtue of this certificate, was, on the 27th of December, 1860, copied by the

clerk of the County Court of Cass county, on the registry of deeds for said county.

On the 14th day of November, 1863, Connell executed a deed for that part of the land here in controversy to G. H. Fitzgerald, which deed was duly recorded on the 8th of December following, and Fitzgerald went at once into possession of the land, and commenced to improve it. On the 14th of September, 1864, Fitzgerald sold it to Rufus Day, who also placed his deed on record immediately after its execution, and at once took and retained possession of the land until the 25th day of November, 1867, when he sold it to appellee Clements.

In the meantime, however, Connell having failed to pay said notes on the 25th of November, 1865, Peters brought suit in the District Court of Cass county against him for the amount due on said notes, and to foreclose the lien retained in the deed to secure their payment; and on the 3d day of February, 1869, judgment was rendered in favor of Peters for the sum of three thousand two hundred and eighty-four dollars, and that the land bought by Connell be sold for its payment. In pursuance with this judgment and the order of sale issued by virtue thereof, said eleven hundred and fifty-six acres of land, of which the tract in controversy is a part, was, on the first Tuesday in December, 1869, exposed to sale by the sheriff, and bid off by the agent and attorney of plaintiff in execution. And at the instance and by the direction of said agent and attorney, the sheriff executed a deed therefor to Naomi Peters, the wife of said Thomas M. Peters. And on the trial of this case in the court below, said attorney testified that he had been instructed by said Thomas M. Peters, previous to the recovery of the judgment, if Connell would surrender the land in payment of the notes, to have the deed made to said Naomi, his wife.

From the line of defense in the court below, and argument urged in this court in support of the judgment, appellee seems to suppose, although he purchased the land while the

suit against Connell to foreclose the lien was pending, as he claimed, under Fitzgerald, who was not a party to the suit, it was immaterial whether he was chargeable with notice of appellant's claim to the land or not. In this we fully concur with him, if he shows the title he acquired from Fitzgerald is superior to and should prevail over that of appellant, if it was asserted by Fitzgerald. It is also quite evident that the authentication of the deed from Peters and wife to Connell did not authorize its registration, and the copying of it, therefore, by the clerk in the book for the record of deeds is inoperative, and neither affects Fitzgerald nor any one else with notice of its contents.

We are also of opinion that appellants, by their replication to appellee's answer, admitted that the consideration for the deed to Fitzgerald had been executed. And it may also be conceded that the consideration expressed in the deed after its performance is just as effectual in support of the plea of innocent purchaser as if the full value of the land had been admitted to have been paid in gold coin; as to which, however, as it is unnecessary to the decision of the case, we express no opinion. Still, it is most evident that neither Fitzgerald nor any one in privity with him, without the payment of the purchase-money, can, so long as the lien retained in the deed remains valid and subsisting, and is such a one as a court of equity would lend its aid to enforce, claim to have acquired from or under Connell a valid title to the land. Nor does the failure of Peters to record the deed in the slightest degree relieve Fitzgerald, or any one purchasing from him, from constructive notice of the lien retained in the deed to Connell.

It has been settled, by a long train of decisions, that where the vendor retains in his deed a lien upon the land for the purchase-money, he has the superior right to the land against his vendee and those in privity with him as long as it remains unpaid. That where the lien for the purchase-money is reserved in the deed, the title does not vest absolutely in the

vendee until the purchase-money is paid. · Until the land is paid for, the vendee and those claiming in his right, as against the vendor, have merely an equitable and not the legal title to the land.   Although a lien of this kind is frequently inaccurately spoken of as a vendor's lien, the legal and equitable rights of the parties affected by it are directly the reverse of what they are in cases of purely equitable liens.  The latter is a mere equity, to be enforced against the vendee, who holds the legal title; while in the former, the legal title is in the vendor, and the rights of the vendee as against him are merely equitable.  (Dunlap *v.* Wright, 11 Tex., 597; McAlpin *v.* Bennet, 21 Tex., 535; Baker *v.* Ramey, 27 Tex., 52; Darst *v.* Trammell, Id., 129; Monroe *v.* Buchanan, Id., 241.)   But if the right of Peters to enforce his lien against the purchaser from Connell was dependent upon the same principles which are applicable in cases for the enforcement of vendors' liens, it is still very obvious that Fitzgerald and the purchasers under him must be held to have had notice of the lien retained in the deed to Connell.   It is an elementary principle, than which none is better established, both by reason and authority, that subsequent purchasers are bound by the recitals in the deeds through which they claim, and are held to have had notice of whatever equities are apparent in the line of their title.   (Carver *v.* Astor, 4 · Pet., 1; Brush *v.* Ware, 15 Pet., 93; Scott v. Douglass, 7 Ohio, 228; Cordova *v.* Hood, 7 Wall., 1.)

Although neither Fitzgerald, nor a purchaser from him, could have successfully resisted the suit of Peters against Connell to foreclose his lien, if he had been made a party to it, still it remains to be determined to what extent the judgment against Connell and the sale of the land under it, will affect the rights of the parties in this case, by reason of the fact that Day, appellee's immediate vendor, whose deed was upon record, and who was in possession of the land when the suit was brought, was not made a party, as has been repeatedly held by the court he should have been.

And first, as to its effect upon appellants.

When the action against Connell was brought, the legal title to the land upon which the lien was retained was in Thomas M. Peters, as the head of the community of himself and wife. He might have sued Connell, or those claiming under him, and recovered the land, if they failed to make good their equitable title by the payment of the purchase-money; or, if he preferred it, he could, as he did, foreclose his lien, and subject the land to sale for its payment. When the latter course is pursued, and a third party purchases at such sale, the vendor is unquestionably estopped from controverting or disputing the purchaser's title. As the sale is at his instance, and for his benefit, he cannot take advantage of any defects or irregularities in the proceedings under which it is made or which he has brought about. If he has gotten the full benefit flowing from the judgment and sale under it, he will be estopped in favor of the purchaser from denying its validity. And if the purchaser cannot otherwise get the benefit of his purchase, equity will subject him to the rights of the plaintiff. Unless, therefore, the fact that the amount bid for the land, when sold by the sheriff, was paid by a credit on the judgment, and that the deed was made to a married woman gives it a different effect, it must be held that Mrs. Peters took, by the judgment, order of sale, and the sheriff's deed, the title of the land which was in Peters previous to the institution of the suit. Appellee insists that as the consideration was not paid for by Mrs. Peters, the deed to her cannot be held to have vested the title in her as separate property; and as she has alleged the land to be her separate property, sues for it as such, she cannot recover it in this action, whatever may be thought of his title. (26 Tex., 330; 20 Tex., 389; 30 Tex., 104; *id.;* 164.) But the testimony shows that it was the purpose and desire of Peters, if he got the land back in payment for the amount due upon the notes given for it, to have the title made to his wife. The petition clearly shows that he approved and sanctioned the

act of his attorney in having the sheriff make the deed to her. And as he recognizes and admits the land to be her separate property, it must unquestionably be held, that it was his purpose and intention, in having it conveyed to his wife, that she should take it as separate property. Hence, as between themselves and parties whose rights are in no way affected by its being so regarded, it must be held to be her separate estate. (Story v. Marshall, 24 Tex., 305; Higgins v. Johnson, 20 Tex., 389.)

How, then, does the judgment against Connell affect appellee?

It has been repeatedly decided by this court, that in suits to foreclose mortgages and liens, subsequent purchasers and incumbrancers, of whose claims the plaintiff has notice, either from their possession of the land or the record of the title or incumbrance, should be made parties. And, if this is not done, the judgment of foreclosure is *res inter alias acta,* and will in no way bind or affect them. Appellee, by purchase from Day, who, through Fitzgerald, had acquired the equitable title of Connell, was entitled to the equity of redemption, if the deed from Thomas M. Peters is treated as a mortgage, and if Connell still owns the balance of the tract, to have him brought before the court, and that part of it condemned to sale first; or, if it has been sold, to bring the purchasers before the court, and have the rights of all parties equitably adjusted; or, if he choose to do so, to pay the balance of purchase-money for which the lien was retained, and thereby convert his equitable right into the superior title.

From what has been said, it is apparent that the charge of the court, to the effect that both parties claim the land under Connell; that the deed from the sheriff, if the act of his agent in having it made to Mrs. Peters was authorized or ratified by Peters, vested in her such title as Connell had at the institution of the suit against him; but if Connell had sold to Fitzgerald before the suit was brought, and neither Fitzgerald nor Day were parties to the suit, the jury should

find for appellee, was not only inapplicable to the case and calculated to mislead the jury, but was also clearly erroneous, and requires a reversal of the judgment.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.