# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1878.

---

### E. Pitschki et al. v. W. B. Anderson.

1. LIMITATION AFFECTING VENDOR'S LIEN.—When an absolute deed is made for land by the vendor, reciting payment of the purchase-money, the vendor's lien for any unpaid purchase-money cannot be enforced after the debt is barred by two or four years' limitation. The lien will be barred by the same lapse of time that would bar the debt.

2. CASES LIMITED.—Dunlap v. Wright, 11 Tex., 604; Baker v. Ramey, 27 Tex., 59.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The facts are given in the opinion.

*Teichmuller & Dunn*, for appellants, cited McMasters v. Mills, 30 Tex., 595; Morris v. House, 32 Tex., 495; Danzey v. Smith, 4 Tex., 411; McClenny v. Floyd, 10 Tex., 166; Robinson v. Martel, 11 Tex., 155; Epperson v. Young, 8 Tex., 135; Hoeser v. Kraeka, 29 Tex., 453; Orme v. Roberts, 33 Tex., 771; 2 Story's Eq., sec. 1226, and note; De Cordova v. Smith, 9 Tex., 146; Baker v. Ramey, 27 Tex., 59; Hunter v. Hubbard, 26 Tex., 547; Ang. on Lim., sec. 741; Boone v. Chiles, 10 Pet., 223; Wingate v. Wingate, 11 Tex., 430. ·

*Timmons & Brown*, for appellee, cited 4 Kent's Comm., 153; Story's Eq., sec. 1225; McAlpin v. Burnett, 19 Tex., 497; Cuney v. Bell, 34 Tex., 177; Orme v. Roberts, 33 Tex., 768;

Briscoe *v.* Bronaugh, 1 Tex., 329; Knight *v.* McReynolds, 37 Tex., 204; Burford *v.* Rosenfield, 37 Tex., 42; Parker County *v.* Sewell, 24 Tex., 238; McKreth *v.* Symmons, 15 Ves., 329; Dunlap *v.* Wright, 11 Tex., 604; Baker *v.* Ramey, 27 Tex., 59; Wynn *v.* Flannegan, 25 Tex., 778; Moreton *v.* Harrison, 1 Bland, 491; Lingan *v.* Henderson, Id., 236; Magruder *v.* Peter, 11 Gill & Johnson, 242; Cunningham *v.* Frandtzen, 26 Tex., 34.

GOULD, ASSOCIATE JUSTICE.—On December 28, 1868, W. B. Anderson sold and conveyed to F. J. Arnold 200 acres of land, the deed reciting a consideration of $300 gold, the receipt of which was acknowledged. Arnold died the following October, leaving a widow and two children, who, without administration, held possession of the land and other property of the estate. On July 8, 1871, the widow married Pitschki, and on December 29, 1873, Anderson instituted this suit against Pitschki and wife and her children by Arnold, claiming that only $100 of the purchase-money had been paid; that Arnold agreed to pay the other $200 whenever requested, and seeking to enforce the vendor's lien for the unpaid balance. The petition alleged that demand had often been made for payment of Arnold and of Pitschki and wife, and claimed interest from January 1, 1869.

There was a plea of limitations of two years, and that the demand was stale; and, though very general and defective, it was not excepted to; but, as the case stands, must be regarded as presenting those defenses.

The testimony of Anderson himself, corroborated by two other witnesses, established that $200 of the purchase-money was to be paid "on demand, in the course of a few months"; that Arnold died before demand made; that after his death demand was made of his widow, who said that she would pay the debt, and that she fully understood the contract; but that after her second marriage she and her husband declined payment.

A jury was waived, the cause submitted to the court, and there was judgment for plaintiff for $213.60, to be made out of the sale of the land, giving no personal judgment.

There are several questions discussed by counsel, but the assignment of error presents the single question of whether the court erred in disregarding the defense of limitations, and it is not proposed to notice any other.

Appellee contends that a vendor's lien is not within the purview of the statute of limitations, but that it may be enforced after the period which would bar the debt, if unsecured by a lien. The cases in this State cited in support of this proposition are Dunlap *v.* Wright, 11 Tex., 604, 605, and Baker *v.* Ramey, 27 Tex., 59, in each of which the contract was regarded as executory, and the vendor was secured by the fact that he still had the title. True, in each case the vendor had made a deed; but in the first he had at the same time taken a mortgage to secure the purchase-money; and the other, it was recited in the deed that a lien was retained for the unpaid purchase-money. A long train of decisions in this court have classed such transactions as executory contracts, notwithstanding the deed. (See Peters *v.* Clements, 46 Tex., 123, and Masterson *v.* Cohen, Id., 523.) In sales thus made, the vendor does not part with his title, and therefore is not remediless, although the claim for the unpaid purchase-money be barred by limitation. But where the deed is absolute and unconditional, and the vendor has nothing but his implied lien, the rule is different. That implied lien which the law gives him for the unpaid purchase-money, whether the debt be or be not evidenced by writing, is but an incident of the debt, and does not survive it. (See Trotter *v.* Erwin, 27 Miss., 777, in which the Maryland cases cited by appellee were considered, but not followed, the court holding that " the lien would be barred by the same lapse of time that would bar the debt." (See, also, Perkins *v.* Sterne, 23 Tex., 561.)

The unpaid $200 was not evidenced by writing; and was

subject to the limitation of two years. It was alleged and proved to be payable on demand, and unless the qualification of this in the evidence, as " on demand in course of a few months," changes the rule, limitation would commence to run from the date of the sale. (Cook *v.* Cook, 19 Tex., 436.) But certainly the few months had elapsed before March 30, 1870, the time at which the suspension of limitations ceased. Giving the plaintiff the benefit of the utmost liberality, and allowing the twelve months after death during which limitation ceases to run, when there is no administration, (Paschal's Dig., art. 4606,) to commence with March 30, 1870, (a mode of computing time which it is, however, not designed to hereby approve,) there still elapsed, after the expiration of that twelve months, two years and nine months before suit was brought. It is clear, under the evidence in the record, that the debt was barred, and that, therefore, the lien was gone.

The judgment is reversed and the cause remanded.