## E. W. MORTON v. FT. WORTH EXPRESS CO.

### (No. 901.)

NOTICE.— Where the trial amendment sets up facts showing notice to A., pending the suit, of the lien of M., the issue should be submitted to the jury.

APPEAL from Tarrant county. Opinion by WATTS, J.

STATEMENT.— Morton brought this suit against appellee to recover an undivided one-third interest in the land described in the petition and buildings thereon, claiming title by and through a judgment rendered in his favor against Sturgeon, foreclosing the vendor's lien, and purchase by him thereunder. Appellee claims by deed from Sturgeon dated May 11, 1881, and that Sturgeon obtained title by and from Morton, dated October, 1880, and delivered May 10, 1881.

Appellant based his right to recover upon the ground that appellee was a purchaser *pendente lite* and therefore not a necessary party to the foreclosure suit.

This was denied by appellee, and it was claimed that there was no pending suit seeking a foreclosure of the vendor's lien at the time it was purchased from Sturgeon. Appellant, by trial amendment, asserted his vendor's lien against appellee, and sought a foreclosure thereof in this suit, claiming that the president and other officers of appellee had notice of the existence of the lien at the time appellee purchased from Sturgeon.

November 29, 1883, a trial was had which resulted in a verdict and judgment against appellant. The errors relied upon for a reversal are as to charges given and refused.

At the time appellee purchased the property from Sturgeon the suit of Morton v. Sturgeon was then pending in the district court of Tarrant county. As then being prosecuted that suit had for its object the dissolution of the partnership, an accounting with reference to the business

operations, and to compel a specific performance by Sturgeon of his contract to purchase Morton's one-third interest in the property. There was no lien asserted by the pleadings and none sought to be foreclosed upon the property in controversy, and no lien was retained upon the property in the deed from Morton to Sturgeon. That deed was made and delivered pending the suit, and this was done in performance of the contract, a specific performance of which was sought by the suit then pending.

OPINION.—The amended petition by which Morton first asserted a lien upon the property and sought its foreclosure was filed subsequent to the registration of the deed from Sturgeon to appellee, and it was certainly necessary for him to have made appellee a party to the suit to have affected its rights by the foreclosure decree. As to third parties, the assertion of the lien by the amended petition, and a prayer for a decree of foreclosure, had the same and no other effect than if the suit for that purpose had been instituted. Peters v. Clements, 46 Tex., 125. Hence, as appellee was no party to that proceeding, the decree of foreclosure against Sturgeon in no way affected its rights to the property.

Considering the recitals in the deed from Morton to Sturgeon, with notice of which appellee is chargeable in law, in connection with the other evidence adduced to that issue, tending to establish notice of the existence of the lien at the time appellee purchased from Sturgeon, the court should have submitted that issue to the jury. And for this error the judgment is

REVERSED AND REMANDED.