## J. L. McKILVAIN v. M. A. ALLEN.

### SUPREME COURT, GALVESTON TERM, 1883.

*Trespass to Try Title—Evidence—Judgment—Executory Contract—Landlord and Tenant—Case Stated.*—McKilvain conveyed the land in controversy to the Powells by deed of general warranty, the deed reciting sale upon a credit for $1523.50, for which the Powells had executed two obligations in writing (executed simultaneously with the deed) to secure the payment of the purchase money. These obligations each contained a general description of the land, and each stipulated that a "vendor's lien" is hereby given on the land described therein for the payment of this note, and in case of failure or refusal to pay the note at maturity, an agreement to pay $4.50 rent for all the land bought that is in cultivation. The Powells failed to pay the first obligation falling due, and in accordance with their agreement paid rent.

*Held*—That while the deed from McKilvain was absolute upon its face and might have passed title to the land in controversy to the Powells, notwithstanding the recital that the purchase money was unpaid, yet the vendor's lien would have existed to secure the purchase money, of which notice would have been given by the recitals, and as the agreement contained in the notes given were equally as effective to prevent title passing to the Powells as though the lien had been reserved in the face of the deed, as all the instruments executed at the same time and in regard to the same matter are in legal effect but one instrument, and all taken together evidence but an executory contract by McKilvain to sell the land to the Powells. The relation of the Powells to the land was in subordination to the right of McKilvain. That in a suit instituted for the recovery of the land, to which the Powells were made parties defendants and of which McKilvain had no notice, nor was he made a party, the recovery can be of no greater right or interest than the Powells had, and the judgment does not conclude McKilvain, and is not admissible in evidence against him to show title in the party in whose favor such judgment was rendered. (See Read v. Allen, 56 Tex., *177*; Read v. Allen, *Post.*) That the same reasons apply for the exclusion of such evidence as would apply had there been no other relation between McKilvain and the Powells, than that of landlord and tenant.

Appeal from Houston county. Opinion by Stayton, J.

This is a suit of trespass to try title, brought by appellant

against the appellee and D. D. and A. M. Powell to recover a part of a grant of land originally made to John Welsh. It appears that the appellant, on the 15th day of January, 1880, conveyed the land in controversy to the Powells by a deed in the usual form, with a covenant of general warranty of title. This deed showed upon its face that the land was sold upon a credit for $1522.50, and that the Powells had executed two obligations in writing to secure the purchase money, which were executed simultaneously with the deed, stipulating that "a vendor's lien is hereby given on said land (of which a general description had been before given in each of the obligations) for the payment of this note, and in case of failure or refusal on our part to pay this note at maturity, then we hereby agree to pay $4.50 per acre rent for all the land we are buying that is in cultivation." The Powells failed to pay the first obligation falling due, and, in accordance with their agreement, paid the rent. The Powells went into posession of the land, and so continued until they were dispossessed by the Uaited States Marshal under a writ which directed him to place the appellee Allen in possession of the land, after which the Powells attorned to her. These facts appeared in the petition, and there was a prayer for title and possession of the land, and a tender into court of the obligations for the purchase money executed to appellant by the Powells, with a prayer that the conveyance to them be cancelled, or, if that could not be done, that he have judgment for the purchase money and a foreclosure of the lien given by the Powells. The Powells admittted the making of the agreement between them and the appellant, and disclaimed any interest in the land, and expressed a willingness to pay rent therefor to whomsoever was the owner of the land. Mrs. Allen alleged that the Powells were her tenants, and also filed a general denial. On the trial, Mrs. Allen offered in evidence a judgment against the two Powells and other defendants, rendered in the Circuit Court of the United States at Tyler by default, on the——of May, 1880, in a suit instituted in that court by her on the 25th of March, 1880, against the appellant, the two Powells and other defendants, which however as to the appellant, was dismissed prior to judgment. There was no service upon the appellant in that suit, and it does not appear that he had notice that such suit was instituted until

judgment therein had been rendered. This judgment, as the bill of exceptions shows, was offered as evidence of title in Mrs. Allen to the land in controversy, and to show that appellant was concluded thereby. To its introduction for this purpose appellant objected, because he was not a party to the suit in which the judgment was rendered, and had no notice of the suit. The objection was overruled and the judgment admitted, and this assigned as error.

The deed from McKilvain was absolute upon its face, and it would have passed the title to the land in controversy to the Powells, notwithstanding the recital therein of the fact that the purchase money was unpaid; a vendor's lien, however, would have existed to secure the purchase money, of which the recitals in the deed would have given notice; but the agreement contained in the notes, which were executed simultaneously with the deed, that a lien should exist upon the land to secure the payment of the purchase money must be held equally as affective to prevent title passing to the Powells as though the lien had been reserved in the face of the deed, for all the instruments executed at the same time and in regard to the same matter must be held in legal effect as but one instrument. Under the repeated decisions of this court the instruments taken together evidence but an executory contract by McKilvain to sell the land in controversy to the Powells. (Dunlaps, administrator, v. Wright, 11 Tex., 597; Baker v. Ranney, 27 Tex., 59; Peters v. Clements, 46 Tex., 114: Baker v. Clipper, 26 Tex., 629; Roosevelt, v. Davis, 49 Tex., 463; Baker v. Compton, 52 Tex., 261.) The contract seems even to contemplate a recision of the executory contract, if there was default in the payment of the purchase money. Under such facts the relation of the Powells to to the land was in subordination to the right of McKilvain; rather that of tenants, with a contract by which they might become the owners, than the owners. The possesion of the Powells was the possession of McKilvain, and as against him without payment of the purchase money they could get no title. Of this the appellee seems to have been conscious, for she made McKilvain a party defendant in the federal court, reciting in her petition the conveyance from him to the Powells. She, however, afterwards, dismissed her suit as to McKilvain. Under these facts the appellee can claim

no greater right under her judgment against the Powells than they had, and in this action, when neither the Powells nor the appellee proposed to perform the contract which the Powells had made with McKilvain, the judgment which she obtained against the Powells in a suit to which McKilvain was not a party, should not have been introduced in evidence to show title in her. (Read v. Allen, 56 Tex., 177.) Read v. Allen (*post*.) The same reasons apply for the exclusion of such evidence as would apply had there been no other relation between McKilvain and the Powells than that of landlord and tenant, and their executory contract to buy the land, can not effect the question. For the error of the court in admitting in evidence the judgment obtained by Mrs. Allen against the Powells, the judgment must be reversed. The evidence shows that the appellant has title to fifty acres of land in controversy by limitation, and that he has title to at least one-half of the remainder, in the same manner, under the 16th section of the Statutes of Limitations, but the state of the record is such that we can not with certainty tell whether the title of appellant to the residue of the land had been so perfected before the institution of the suit by the appellee against the Powells or not. The deed from White to Harrington and appellant does not seem to have been recorded until the 15th of September, 1880, but the deed from Harrington to appellant for one-half of the land was recorded September 4, 1873. If this last conveyance passed the title to the particular land now in controversy, except the fifty acres conveyed by R. A. Read directly to appellant, then the title to all of the land in controversy would be complete in appellant by limitation; but if such is not the effect of the deed from Harrington (which is not set out in full in the record) then the appellant does not show a recorded deed to himself for one-half of the land conveyed to Harrington and himself by White until September 15, 1880. Such being the state of the record the judgment will not be reversed and rendered, but will be reversed and remanded, that the parties may adjust their rights in accordance with the facts. Reversed and remanded.