## I. N. HALE v. BAKER & RICE.

### (Case No. 1473.)

1. LIMITATION — VENDOR'S LIEN.— A vendor, holding a purchase money note, for the payment of which a vendor's lien was reserved in the deed, cannot enforce his lien by suit to recover the money after his note is barred by limitation. Still the superior title remains with the vendor, and the véndee cannot obtain absolute title until the purchase money is paid.

2. SAME.— If the vendor, under such circumstances, regain the possession, he cannot be evicted by trespass to try title, although the purchase money, as a debt, is barred by limitation.

3. SAME.— If the purchase money note be barred by limitation, and is secured by mortgage or deed of trust, its payment cannot be enforced.

APPEAL from Lee. Tried below before the Hon. A. S. Broaddus.

Appellees brought suit, February 9, 1880, against John T. Rowe, F. W. McGuire and I. N. Hale, alleging that the defendant Rowe, on the 14th day of July, 1874, executed to the order of appellees his promissory note for $150, payable in six months, with ten per cent. interest from date. That the consideration of the note was part of the purchase money of lot 6, block 12, in the town of Giddings, Texas. A copy of the note was given in the petition, in which it was recited that the vendor's lien was retained.

That on the same day appellees conveyed, by their deed, the property described, in consideration, among other things, of the above note, and that in that deed of conveyance the vendor's lien was expressly reserved, to secure the payment of the purchase money; that the lot was of the reasonable value of $5,000; that the amount of said note was due for the purchase money; that the deed to the lot, from appellees to J. T. Rowe, was delivered to him at its date and expressly reserved the vendor's lien; that F. W. McGuire and I. N. Hale, who pretended to have purchased said lot from Rowe, had both actual or constructive notice of said deed, and that it contained an express reservation of the vendor's lien, and defendants were notified to produce said deed. They asked for judgment for the amount of the note and foreclosure, and, if the note was barred, then on their lien for the amount, and if this relief could not be granted them, then for the lot, and for general and equitable relief.

Rowe answered with a plea of the statute of limitation, and general denial.

Appellant Hale demurred generally and specially, because it appeared from the petition that the cause of action was barred. He also filed a general denial and answered specially: First, denying

any notice or knowledge of any lien; that on the 23d day of August, 1879, and for five years next preceding, his co-defendant, F. W. McGuire, and those whose estate he had, held peaceable, continuous, uninterrupted, adverse possession of the premises, under deeds duly registered, and was thereby vested with an absolute and perfect title; setting out in detail an account of the loan on that date of $3,000 to the said McGuire, which was secured by deed of trust on the property, and subsequent proceedings thereunder; resulting, as shown in an amended answer, in sale by the trustee, by which the title and possession of the said McGuire was vested in the defendant Hale.

That the sole inducement which led appellant to make said loan on the property was the perfect legal title of the said McGuire to the premises.

That appellees, during said period, with knowledge of the fact that the defendant Rowe and others were in possession under deeds duly recorded, and were conveying the premises to third parties, without notice or means of ascertaining knowledge of their lien, permitted such third parties to purchase the premises without informing them of their claim.

That thereby plaintiffs induced this defendant to believe that McGuire's title was perfect, and authorized him to act upon that belief, and were, therefore, estopped from claiming relief as against this defendant.

The demurrer was overruled. Judgment on the 9th of November, 1880, that the lien was not barred by limitation; that the note was barred, and, therefore, no judgment could be rendered against the maker, Rowe, and in his favor for costs; ordering a foreclosure of the vendor's lien against the appellant, for the sum of $244.75, because the note was given for part consideration of the lot, and the lien was specially reserved in the deed from appellees to defendant Rowe; ordering sale of the premises for its satisfaction, and excess, if any, to be paid to appellant.

The assignments of error are obvious from the opinion.

*J. T. Swearengen,* for appellant.

*O. T. Holt,* for appellees.

WALKER, P. J. COM. APP.— The court below determined this case upon the erroneous view, as we conceive, that the holder of the superior title to land under a conveyance of it to another party, in

which he has reserved a vendor's lien to secure the purchase money, may, because the contract of sale is executory, enforce the lien by suit for the money, notwithstanding the purchase money note may be barred by the statute of limitations. It has been held in a long series of decisions in this state, that where the contract for the sale of land is executory, as in the instance of the sale and conveyance of land by deed which reserves the vendor's lien, or where the deed absolute on its face is executed contemporaneously with a mortgage given on the land by the vendee to secure the purchase money, that the superior title remains with the vendor notwithstanding the deed, and in default of payment of the purchase money he may recover the land from the vendee (Dunlap v. Wright, 11 Tex., 597; Pitschki v. Anderson, 49 Tex., 3; Baker v. Ramey, 27 Tex., 59; Peters v. Clements, 46 Tex., 123; Roosevelt v. Davis, 49 Tex., 463; Masterson v. Cohen, 46 Tex., 523); or sell the land to another. Rogers v. Blum, 56 Tex., 6.

And it is immaterial that the notes given for the purchase money have become barred by the statute of limitation; without payment of the purchase money the vendee cannot obtain absolute title to the property as against the vendor. Baker v. Ramey, *supra;* Ball v. Hill, 48 Tex., 634.

If the vendor go into possession after the vendee has made default, he cannot be turned out by an action of trespass to try title, although the purchase money, as a debt, be barred by the statutes of limitation. Burgess v. Millican, 50 Tex., 397. In such case the fee will remain in the vendor, and the sale be conditional upon the performance of the contract by the vendee. Id.

But so far as relates to a remedy on the purchase money note, the doctrine is also as well settled by our decisions, that if the vendor permits it to become barred by the statute of limitations, the lien, in cases of mortgages and deeds of trust, certainly cannot be enforced; the creditor has no remedy upon his mortgage. Duty v. Graham, 12 Tex., 427; Perkins v. Sterne, 23 Tex., 561; Ross v. Mitchell, 28 Tex., 150.

It was decided in Pitschki v. Anderson, *supra,* that when an absolute deed is made for land by the vendor, reciting payment of the purchase money, the vendor's lien for any unpaid purchase money cannot be enforced after the debt is barred by limitation; that the lien will be barred by the same lapse of time that would bar the debt. The case supposed is one of implied lien as distinguished from an express lien reserved in the deed. We perceive no reason for a discrimination between these kinds of lien where the debt which

they secure is barred by the statute of limitations. Where the vendor has reserved his lien in the deed, he may enforce the contract specifically by suing upon the purchase money note and foreclosing the lien, or he may, in effect, rescind the contract on default of payment of the note by disregarding his conveyance and sell the land to another, or recover back its possession by suit. But when the evidence of his debt is barred by limitations his opportunity for election is lost, and he must rely for his remedy upon the assertion of such rights only as his superior title to the land confers on him as its owner; he cannot recover the unpaid purchase money.

We conclude, therefore, that the judgment below ought to be reversed and set aside, and that the supreme court should render judgment against the plaintiffs in favor of the defendants for all costs of suit.

REVERSED AND RENDERED.

[Opinion adopted October 26, 1883.]