## MORTON J. SMITH, ADMINISTRATOR, v. F. G. OWEN.

Decided June 13, 1906.

### 1.—Evidence—Executory Sale—Vendor's Lien.

To show plaintiff's right to recover as administrator the land sued for in trespass to try title, defendant having plead limitation to the debt, which was secured by vendor's lien reserved by plaintiff's intestate on sale to defendant, it was competent to introduce a note executed by defendant to plaintiff, the administrator, in connection with evidence that it was given in part for the balance due on the original debt for the land.

### 2.—Vendor's Lien—Partial Release.

Where the vendor released the lien for purchase money on various portions of the land, sold by vendee to third parties, he could, on refusal of the vendee to pay the balance of the purchase money, recover, in trespass to try title, the part of the land still held by the vendee.

**3.—Same—Pleading.**

The plaintiff, seeking to recover back land from the vendee on account of refusal to pay the purchase money, and where he has released the lien on portions sold off by the vendee, should, it seems, describe the land remaining in the vendee's hands and sought to be recovered, and not sue for an undivided interest in the entire tract originally sold.

**4.—Charge—Assuming Facts.**

A requested charge must not assume facts which are to be determined by the jury.

**5.—Trial Amendment—Taxing with Costs.**

It is within the discretion of the court to tax a party with costs as a condition of permitting a trial amendment to let in evidence excluded under previous pleading.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Prendergast & Sanford, James K. Parr,* and *Vaughan & Works,* for appellant.—The note was admissible in evidence as an act of appellee, in connection with the testimony, for the purpose of establishing the fact that there remained due and unpaid a portion of said note of date February 14, 1878. McCullon v. Cohen, 39 S. W. Rep., 973; Downey v. Taylor, 48 S. W. Rep., 541; Wells v. Fairbanks, 5 Texas, 584; Harris v. Catlin, 53 Texas, 1; Baker v. Compton, 52 Texas, 252.

The rule is that when a vendor seeks to enforce his lien for the collection of a note, which was given in part for the land and in part for other considerations it is incumbent on him to show how much of the note was given for the land. Wasson v. Davis, 34 Texas, 168; Swain v. Cato, 34 Texas, 398; Sutton v. Sutton, 39 Texas, 549.

The court erred in instructing the jury to find a verdict for the defendant, as the evidence established the right of the plaintiff as the administrator of the estate of N. T. Sneed, deceased, to recover an undivided interest, namely, about 66 acres in the 458 acre tract of land sued for and described in plaintiff's pleadings. Jackson v. Palmer, 52 Texas, 427; Helm v. Weaver, 69 Texas, 143; Moore v. Giesecke, 76 Texas, 543; Robertson v. Guerin, 50 Texas, 317; Renfro v. City of Waco, 33 S. W. Rep., 766; Slaughter v. Owens, 60 Texas, 668; Ansley v. Baker, 14 Texas, 613; Ellis v. Singtelary, 45 Texas, 27; Roosevelt v. Davis, 49 Texas, 463; Wright v. Wooters, 16 Texas, 380; Burgess v. Millican, 50 Texas, 403; Clements v. Neal, 1 Posey, U. C., 41; Thompson v. Westbrook, 56 Texas, 265; Estes v. Browning, 11 Texas, 237; White v. Cole, 9 Texas Civ. App., 383.

Although the plaintiff's suit was to recover 458 acres of the Ussary survey described by field notes in his petition, yet the evidence establishing his right to recover an undivided interest, he was entitled to recover such interest, namely, 66 acres. Rev. Stats., arts. 5270, 5271; Schmidt v. Talbert, 74 Texas, 451; Murrell v. Wright, 78 Texas, 519; Galveston Land Co. v. Perkins, 26 S. W. Rep., 256; Williams v. Davis, 56 Texas, 250; Wood v. Welder, 42 Texas, 396; Thompson v. Dutton, 71 S. W. Rep., 544.

Where the ruling of the court is erroneous, and in order to meet such ruling and to save delay, the party against whose interest such ruling

has been made may amend so as to make his pleadings conform to such rulings, and in such case it is error for the court to impose terms by taxing cost against the parties so amending.    Dailey v. Wynn, 33 Texas, 622.

*Morrow & Smithdeal,* for appellee.—There was no error in excluding the $620 note.    Middlebrook v. Zapp, 73 Texas, 31; Longcope v. Bruce, 44 Texas, 436; La Pice v. Caddenhead, 24 Texas Civ. App., 364.

There being no description of the 66 acre tract, either in the pleadings or in the proof, there was no foundation for a judgment in favor of the plaintiff, and the court did not err in directing a verdict for the defendant.    Rev. Stats., art. 5250, subd. 2; Roche v. Lovell, 74 Texas, 191; Converse v. Langshaw, 81 Texas, 280; Stephens v. Motl, 81 Texas, 121; Rev. Stats., art. 5272.

The plaintiff not having furnished the court with any description of land which he claimed to be entitled to, and there being no pleadings or proof upon which a judgment could be rendered for plaintiff all of the costs of the case were properly taxed against the plaintiff.    Rev. Stats., art. 1188; Rule 27, District Courts; Harris v. Spence, 70 Texas, 619; Hatchett v. Connor, 30 Texas, 104.

EIDSON, ASSOCIATE JUSTICE.—Appellant, as administrator of the estate of N. T. Sneed, deceased, brought this suit in the court below against appellee to recover 458 acres of land, a part of the Geo. H. Ussary survey in Hill and Navarro Counties, the said 458 acres being described ·by metes and bounds in appellant's petition.    The petition is in the usual form of a petition in a suit of trespass to try title, with the additional allegations "that plaintiff's right is based upon a vendor's lien note executed December 5, 1892, for $620 due December 5, 1894, which said note was executed in renewal of a vendor's lien note for the purchase money of the above described 458 acres of land sold to defendant F. G. Owen by N. T. Sneed on the 14th day of February, 1878, wherein the right and title to said above described 458 acres of land was retained in the .said N. T. Sneed until said original note for the sum of $1,405.30 should be paid; said $620 note of date December 5, 1892, being in renewal of said original note of $1,405.30 as follows:    That on or about the 4th day of January, 1888, in an accounting had between said N. T. Sneed and F. G. Owen as to said original note of $1,405.30 there was due thereon a balance of $111.08, for which sum the said F. G. Owen then and there executed his certain note of date January 4, 1888, being in renewal of and in extension of said note of $1,405.30 to the extent of the balance due thereon, said renewal note for $111.08 being payable to N. T. Sneed by the said F. G. Owen; that on the 5th day of December, 1892, plaintiff herein, as administrator of the said N. T. Sneed, deceased, accepted and received from the defendant F. G. Owen, and the said defendant F. G. Owen executed said note of date December 5, 1892, for $620 as a renewal of and extension of said note for $111.08, as well as of said original note for $1,405.30, the amount of the principal and interest due on said note for $111.08, the interest thereon being from its date, viz.: January 4, 1888, at the rate of ten percent per annum up to December 5, 1892, included in and forming a part of said note in the

sum of $620 hereinabove set out." The petition contained a prayer for restitution of the premises, costs of suit, etc.

Appellee answered in the court below by general demurrer, general denial, plea of not guilty, plea of the statutes of limitations of three, five and ten years, plea that plaintiff was estopped from claiming any right under any vendor's lien upon the land on the ground that he had elected to waive such rights and to bring his action in trespass to try title; special plea that if plaintiff had any lien upon the land that same had been in all things released and abandoned, and that if plaintiff has any pretended lien upon the premises described in his petition, the same is not a vendor's lien but a contract lien, and that the same is void, because the premises upon which same is sought to be enforced is the homestead of defendant, and that so far as any claim against him on account of any vendor's lien charged to have been executed by him is concerned, that the same was barred by the statute of limitations of four years, which he pleaded in bar of this suit; and, further, that if there was any indebtedness owing to plaintiff on said land at any time, the same has long since been paid.

The trial was before a jury, and after plaintiff had introduced his evidence, the court peremptorily instructed the jury to return a verdict in favor of the defendant, which being done, judgment was accordingly entered in favor of defendant.

From the petition of appellant it clearly appears that his cause of action was predicated upon an executory contract of the sale of the land described in his petition by his intestate to appellee and default in the payment of a part of the purchase money for said land by appellee. The allegations in the petition above quoted relating to the $620 note, were simply made for the purpose of showing that a part of the purchase money for the land was unpaid and the amount thereof; and it also appears from the pleadings of the parties that the note for the unpaid purchase money was barred by the statute of limitations at the date of the institution of this suit, and that appellee was asserting the statute of limitations as a bar to the recovery by appellant of the unpaid purchase money for the land. These facts authorized the suit for the recovery of the land by the appellant. It is well settled by a long line of decisions in this State that where the contract for the sale of land is executory, as in the instance of the sale and conveyance of land by deed which reserves the vendor's lien, that the superior title remains with the vendor, notwithstanding the deed, and in default of payment of the purchase money, he may recover the land from the vendee. (Lanier v. Foust, 81 Texas, 189; Hale v. Baker, 60 Texas, 217; Roosevelt v. Davis, 49 Texas, 463; Peters v. Clements, 46 Texas, 123.) And it is immaterial that the notes given for the purchase money have become barred by the statute of limitations. Without payment of the purchase money, the vendee can not obtain absolute title to the property as against the vendor. (Hale v. Baker, supra, Bakes v. Ramey, 27 Texas, 59; Ball v. Hill, 48 Texas, 634.)

Appellant's first assignment of error complains of the action of the court in refusing to permit him to introduce in evidence the note for the sum of $620, of date December 5, 1892, and due December 5, 1894, executed by the defendant F. G. Owen, and payable to the order of Morton

J. Smith, administrator of the estate of N. T. Sneed, which was offered in evidence by him after he had testified that after he qualified as administrator of the estate of N. T. Sneed, deceased, he found among said Sneed's papers two notes executed by the defendant, one for $220, and the other for $111.08; that he went to see the defendant at his home and exhibited said two notes to him; that the defendant stated that the note for $220 was for rent, and that the note for $111.08 was for the balance due by him, F. G. Owen, on a large tract of land he had purchased from N. T. Sneed, and that he owed both of the notes; that the note for $620 was executed in renewal of both of said notes, which were torn up in defendant's presence after said note for $620 was executed by him.

We think this assignment should be sustained. The suit was not based on the $620 note, the petition alleged the execution and delivery of that note simply to show that a part of the original deferred consideration was unpaid, the amount thereof and that such fact was acknowledged by the appellee by the execution of that note. The note should have been admitted in evidence for this purpose; and the fact that the evidence on the trial showed that this note only included $111.08 of the deferred purchase money for the land, and that the balance of the amount thereof was for rent, did not render the same inadmissible for the purpose of showing that there was a balance of the purchase money for the land unpaid, the amount thereof, and that appellee admitted that fact. The evidence introduced in connection with this note showed that $111.08 of the amount thereof was a part of the original deferred payment for the purchase money of the land, to secure the payment of which a lien was expressly reserved in the deed from appellant's intestate to appellee. The suit being for the recovery of 458 acres of land described in appellant's petition, he would be entitled to recover whatever portion of said land the evidence showed the purchase money of to be unpaid, and an express lien upon which had been reserved in the deed. The testimony showed that N. T. Sneed, appellant's intestate, conveyed the 458 acres of land described in appellant's petition to appellee by deed dated the 14th day of February, 1878, in part consideration of the execution and delivery by appellee of his promissory note for $1,405.30, bearing ten percent interest from date of deed, and due January 1, 1879, and that a lien was expressly retained in said deed to secure the payment of said note; that subsequently and up to the 4th day of January, 1888, appellee had paid all of said note except $111.08, and during said interval had sold off of said tract of 458 acres of land 104 acres to Vince Bracken, 74¾ acres to Asbury Burns, 72 acres to Anderson Drake, 111¼ acres to Prince Henderson, and to Austin Lockhart 30 acres, making a total of 392 acres; and that on said date last mentioned, appellant's intestate N. T. Sneed, executed an instrument reciting the execution of the deed by him to appellee for said 458 acres of land, and the execution and delivery by appellee to him, the said Sneed, of his promissory note for $1,405.30 for the deferred purchase money of said land and the retention of a lien on said land in the deed to secure the payment of said note, and the payment of all of said note except the sum of $111.08, and that appellee had sold to the parties above named the number of acres mentioned respectively, and that in order to accommodate appellee

and the several parties to whom he had sold the land mentioned, appellant released his lien on the land sold by appellee to the parties above mentioned, but still retained his lien upon the 66 acres of said 458 acre tract remaining and then occupied by appellee, for the sum of $111.08 balance of the purchase money due appellant for said 458 acres of land, and that appellee had on that date executed to appellant his promissory note for said amount, bearing 10 percent interest from date.

The testimony also shows that after his qualification as administrator of the estate of N. T. Sneed, and in the year 1892, appellant found among the papers of the said Sneed said vendor's lien note for $111.08, and another note for $220, which was not a vendor's lien note; that he took both notes to appellee and inquired of him about them, and appellee stated, in substance, that the $111.08 note was a vendor's lien note and given for a part of the purchase money of the land he occupied, which was a part of the 458 acres sued for and ought to be about 66 acres, but he did not have but about 55 acres, and that appellee, at the suggestion of appellant, agreed to include the amount of both of these notes in one note, and in accordance therewith, executed the $620 note offered in evidence. The testimony showed that no part of this amount of $111.08, which was practically conceded to be a part of the purchase money for said land, had been paid. This testimony, in connection with that excluded by the court over the objections of appellant, as above stated, in our opinion tended to show appellant to be entitled to recover that part of the land occupied by appellee. (Thomson v. Dutton, 71 S. W. Rep., 544.)

We therefore hold that the court below erred in peremptorily instructing the jury to return a verdict in favor of appellee. However, we do not wish to be understood as commending the method of pleading adopted by appellant in this case in view of the facts developed by the evidence. The appellant, at a moderate expense, could have had the land remaining after the tracts sold off the original tract of 458 acres were excluded, surveyed, and thus obtained a particular description of the land he sought to recover and embraced such description in his petition; or he could have sued for the 458 acres, describing same in his petition, less the tracts sold off, giving in his petition a particular description of such tracts, and a particular description of the land sued for could have been arrived at by the process of elimination.

The court did not err in refusing to give to the jury appellant's special charge set out in his third assignment of error. It was a question of fact to be determined by the jury from the evidence as to whether appellant was entitled to recover any part of the land sued for, and the special charge assumed that he was entitled to recover an undivided interest of 66 acres.

The matter complained of in appellant's fourth assignment of error was within the discretion of the court, and the record does not disclose any abuse of such discretion. As the case will be reversed and remanded, appellant's fifth assignment of error becomes unimportant.

For the reasons above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.