S. B. RINDGE v. JAMES A. OLIPHINT ET AL.

(Case No. 1583.)

1. STATUTE OF LIMITATIONS — ADMINISTRATION.— Money due an estate having a proper representative becomes barred, if not evidenced by a contract in writing, by the statute of limitations of two years, after the accrual of the right to sue. Following Thomas v. Greer, 6 Tex., 377.

2. SAME — DISABILITY OF HEIR.— The statute will not be prevented from running by the disability of the heir, if the representative of the estate had a right of action.

3. EVIDENCE — CREDITS UPON CLAIMS — TITLE.— Testimony as to an agreement between the administratrix of the estate and one of its creditors, that his claims against the estate shall be allowed a credit as a payment of purchase money bid by him for land belonging to the estate, is irrelevant; nor does such agreement confer title on the purchaser freed from the vendor's lien that attached in favor of the estate.

4. EQUITY IN LAND — CREDIT ON CLAIM.— That the purchaser of land of an estate decreed to be sold credited the amount of the purchase money on his claim against the estate, confers on him no equity entitled to be protected. Citing Burns v. Ledbetter, 56 Tex., 285.

5. DEED — VENDOR'S LIEN — SALE OF LAND BELONGING TO AN ESTATE.— Under a decree of the probate court, ordering the sale of land of an estate to be made on a credit of twelve months with approved security, and retaining a lien on the land to secure the payment of the purchase money, the deed reciting the sale by virtue of the order of the court of the tract of land in controversy and of another for a certain gross sum, without distinguishing the amount bid for the two tracts respectively, and the further fact that the purchaser had executed his note for the "above-named sum," payable in twelve months, as the consideration of the sale, and in no wise reserving the vendor's lien in such deed, conveys title to the purchaser, and the note being barred, the vendor's lien cannot be enforced. Hale v. Baker, 60 Tex., 217.

6. ADMINISTRATION.— The purchaser under an administration is not required to go behind the order of sale of the probate court to see whether the administratrix has been duly appointed and continued, and that the proceedings have all been regular. Following Poor v. Boyce, 12 Tex., 440; Peterson v. Lowry, 48 Tex., 408, and other cases.

APPEAL from Fannin. Tried below before the Hon. R. R. Gaines.

*T. J. Brown* and *W. A. Evans*, for appellant.

*Hale & Scott* and *J. B. Clark*, for appellees.

WALKER, P. J. COM. APP.— This suit was instituted August 15, 1876, by Frances Oliphint, as surviving widow of Joseph B. Oliphint, and their minor children, James A., Ella B., Annie S. and Fannie Oliphint, who sued by their special guardian, James B. Clark, for $2,000 and interest, as purchase money, to enforce their lien, as vendors, of a certain one-half of a three hundred and twenty acre tract of land, against W. D. Oliphint, as purchaser, and S. B. Rindge, the latter of whom they allege claims to hold and own the same under a chain of title, which the petition sets forth, deraigned through a sale of the entire tract of three hundred and twenty acres made under an order of sale of the district court of Fannin county in the year 1872, to effect a partition of the tract of land under a decree made by that court in a suit brought for partition of the same into two equal parts, one-half of which belonged to the heirs of Joseph B. Oliphint, deceased, and the other to W. D. Oliphint, the defendant in the partition suit, which was instituted by Frances Oliphint, as administratrix of the estate of her husband. In that proceeding, it appearing that the land was not susceptible of division, the court decreed its sale and that the proceeds be divided between the parties interested. The decree ordered the sale to be made " on a credit of twelve months, taking notes with approved security, and retaining a lien on the land to secure the payment of the purchase money." The sale was made by the sheriff, as commissioner to sell the land, on the first Tuesday of August, 1872, and was confirmed on the report thereof on the 23d of September, 1872, by the district court and a deed ordered to be made to the purchaser, W. D. Oliphint, which was accordingly done. The deed dated October 10, 1872, recited the sale by virtue of the order of the court of the tract of land, and also of another tract, for the gross sum of $5,950, without distinguishing the amounts bid for the two tracts respectively, and proceeded to recite that W. D. Oliphint, the purchaser, executed his note for the sum above named, payable twelve months after the date of sale, as the consideration for his purchase of the two tracts of land. The deed did not otherwise specify nor reserve, in terms, a vendor's lien on the land than as has been stated; it was filed for record in the proper county clerk's office April 18, 1877.

Although the deed recited the taking of a note for the purchase

money, the purchaser, in fact, did not execute any note or other obligation for the purchase money, but in pursuance of an agreement with Frances Oliphint, the administratrix, to that effect, credited certain claims which he held against the estate of Joseph B. Oliphint, deceased, with the amount due on his bid to the estate for its interest in the land sold.

W. D. Oliphint, after obtaining the deed aforesaid, conveyed, February 17, 1874, the land by deed of trust to secure the payment of certain debts due to Wallace & Co., which was sold by the trustees on May 1, 1877, when James Wallace, one of the firm, bid it in, and paid for it by crediting the amount of his bid on that indebtedness. Wallace conveyed the land to the defendant Rindge, on the 17th of July, 1877. It does not appear what was the character of the instrument conveying it; nor upon what consideration; nor whether Rindge paid a valuable consideration for it; nor whether he had any notice other than that afforded by the records, as to the equities of the plaintiffs.

The plaintiffs alleged in their petition the facts already stated in regard to the recitals in the deed to W. D. Oliphint from the sheriff under the order of sale, and alleging that no note was executed by W. D. Oliphint notwithstanding the recital to the contrary, and that Oliphint bid off the three hundred and twenty acre tract in question at $4,000; of which amount they claim to be due them their one-half thereof, viz., $2,000, with legal interest.

The plaintiffs prayed for a judgment against W. D. Oliphint for $2,000 and interest thereon, and a decree to enforce their lien as vendors against the land. The defendant having pleaded, among other matters of defense, the statute of limitations of two years, the plaintiffs amended their prayer, asking in the alternative that if the court was of opinion that the plaintiffs' claim for the purchase money is barred by the statute of limitations, that the title of the defendant W. D. Oliphint and all those who claim under him be canceled, and that they recover possession of the land.

The defendant set up as a defense the statute of limitations of two years, and that W. D. Oliphint had, under an agreement with Frances Oliphint, the administratrix, satisfied the amount of his bid for the land by crediting certain claims which he held against the estate which had been duly allowed and approved, with the amount of his bid.

The cause was submitted to the court without a jury. On the trial, under the objections of the plaintiffs, evidence as to the claims held by W. D. Oliphint was excluded upon various assigned grounds.

The court rendered judgment for the plaintiffs for an equal undivided half of the three hundred and twenty acres.

The primary object of the suit was to sue for the purchase money and to enforce the vendor's lien, and only in case the moneyed demand should be held to be barred by the statute of limitations, did the plaintiffs seek for a recovery of the land. The rendition of the judgment for the land seems to imply that the court was of the opinion that the plaintiffs' cause of action was barred by the statute of limitations of two years. And it seems that it was. The purchase money payable by W. D. Oliphint would have been assets, if collected, in the hands of the administratrix; she had the right to sue after the 6th of August, 1873, from which time the statute began to run, and the claim would have been barred in two years. Thomas v. Greer, 6 Tex., 377. The statute will not be prevented from running by the disability of the heir if the administratrix had a right of action. Darnall v. Adams, 13 B. Mon. (Ky.), 273.

The administratrix had no authority to agree with W. D. Oliphint to allow a credit on his claims against the estate as a payment of the purchase price bid by him for the land. The transaction between them conferred no title on the purchaser that was freed from the vendor's lien that attached to the land in favor of the estate. The evidence, therefore, as to the claims held by W. D. Oliphint against the estate was irrelevant, and its rejection operated no injury to the defendants. Nor could the fact that he had credited his claims with the amount of his bid have conferred on him an equity to be protected. His doing so was " without gain to himself or loss " to the estate. The credit thus entered would be the proper subject of cancellation, and he could have proceeded to collect his claims. See Freem. on Judg., sec. 478; Freem. on Exec., § 352; Townsend v. Smith, 20 Tex., 465; Burns v. Ledbetter, 56 Tex., 285.

The deed from the sheriff to W. D. Oliphint did not reserve the vendor's lien. The lien existed by operation of the law, but the contract was not rendered executory by reason of a reservation of the vendor's lien made in the deed. Such being the case, the superior title did not remain in the estate or heirs of Joseph B. Oliphint, deceased. Baker v. Compton, 52 Tex., 252. Otherwise, however, if the vendor's lien was reserved in the deed. Hale v. Baker & Rice, 60 Tex. 217. If the purchase money note or account be barred by limitation, and is secured by mortgage, deed of trust or vendor's lien, its payment cannot be enforced. See Hale v. Baker & Rice, *supra.*

The plaintiffs cannot recover the land unless they have the superior title, which, as it seems from the evidence, they have not.

There was evidence tending to show that Frances Oliphint had never qualified as administratrix of the estate. Letters of administration, it appears, were duly issued to her, and the evidence indicates that she acted and was recognized by the probate court as the duly authorized administratrix of the estate, and the defendants in their pleadings allege that the estate is still open and that she is the administratrix. Her authority cannot be collaterally called in question concerning acts done by her under such circumstances. Poor v. Boyce, 12 Tex., 440, 449.

The purchaser is not required to go behind the order of probate sale to see that the administrator has been duly appointed and continued, and that the proceedings have all been regular. Dancy v. Stricklinge, 15 Tex., 557; Bartlett v. Cocke, 15 Tex., 471, 478; Poor v. Boyce, supra; and see Peterson v. Lowry, 48 Tex., 408.

The decree of the district court ordering the sale with the reservation of the vendor's lien was complied with in the deed, though no express reservation to that effect was made in the face of the deed, nor was it necessary that it should thus have been made to appear in order that the lien should be preserved and not waived. The lien was not the less reserved, when it showed in its recitals that the land was sold for the price bid on a credit of twelve months for which the purchaser gave his promissory note payable at the end of said period, than if it had embodied in the form of an executory contract expressions showing, in terms, that the vendor's lien was reserved by the vendor. The effect upon the question of superior title would have been different in the one case and the other, but in either form the remedy for the enforcement of the lien to secure the payment of the purchase money would have been the same.

We recommend that the judgment be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted December 19, 1884.]