JOHN CADE MCADAMS ET AL., BY NEXT FRIEND, V.
GEORGE R. MCADAMS.

No. 884.

**Limitations—Promissory Note to Trustee—Equitable Interests of Minors.**
Where a promissory note is made payable to one as trustee for certain minors therein
named, and the legal title to the note thereby vested in the trustee, upon his failure
to bring suit on the note within the statutory period, the equitable interests of the
minor cestuis que trust is barred by limitation.

APPEAL from Walker. Tried below before Hon. J. M. SMITHER.

*H. J. Brown* and *James A. Baker*, for appellants.—The money sued
for was expressed to be for the sole use and exclusive benefit of the
minor appellants, and the use and enjoyment of it by them was not
postponed to any date after it became due and payable. Hence, when
appellee failed to pay it to Abercrombie when it became due (say Jan-
uary 1, 1886), an action for its recovery then accrued to the benefici-
aries (the minor appellants) to sue for its recovery; and most certainly
so after waiting a reasonable time for Abercrombie to sue, which rea-
sonable time would be deemed to expire within four years next after
the maturity of the instrument sued on. Appellants being minors at
the time of accrual, limitation has not run against their right to main-
tain this suit. Rev. Stats., art. 3222; Guest v. Rhine, 16 Texas, 550.

*T. H. Ball*, for appellee.—It appearing from the terms of the instru-
ment sued upon, that same was of date December 8, 1883, and payable
on or before January 1, 1886, to L. A. Abercrombie, as trustee, or next
friend to the minor plaintiffs, for their use and benefit, and that only
in case of his death, or failure, or neglect to act as such trustee, was
provision made for a substitute to hold said instrument and receive
the money due thereon; and it further appearing from plaintiffs' peti-
tion, that the said Abercrombie died in 1892, more than four years
after cause of action accrued to him thereon; and no failure or neglect
on his part to act as such trustee, or next friend, having been alleged
in said petition; appellee's plea of limitation was good. Sayles' Civ.
Stats., art. 3205; Collins v. McCarty, 68 Texas, 150; Ervin v. Brooks,
16 S. E. Rep., 240; Ewing v. Shonnahan, 20 S. W. Rep., 1065; Pat-
chett v. Railway, 35 Pa. St., 73; Crowley v. Richardson, 78 Ga., 213;
Bryan v. Weems, 65 Am. Dec., 407.

GARRETT, CHIEF JUSTICE.—This action was brought by John Cade
McAdams and Francis May McAdams, who were minors without a
guardian, and sued by their mother, Sally McAdams, as next friend,
to recover of George McAdams upon the following promissory note
or obligation in writing:

"On or before the first day of January, A. D. 1886, I promise to pay
to L. A. Abercrombie, as trustee or next friend of John Cade McAdams

and Francis May McAdams, minor children of George R. McAdams and Sallie McAdams, and for the exclusive use and benefit of said minor children, the sum of twelve hundred dollars, with 10 per cent per annum interest thereon from maturity until paid.

"In case the said Abercrombie should die before this note is paid, or should fail or for any cause neglect to act as trustee or next friend to said minors, then it is to be paid to and collected by anyone that the mother of said minors may designate or appoint, or in case of her death, to the duly appointed guardian of said minors.   This December 8, A. D. 1883.                    [Signed]      "G. R. McADAMS."

The note was set out in full in the petition; and it further appeared from the averments of the petition, that the consideration of the note was the separate means of the said Sally McAdams loaned to the appellee, who was her husband, and which she gave and desired to secure to their children, the minor appellants, as an advancement; that the note was executed and delivered to the said L. A. Abercrombie, who died in the year 1892; and that afterwards the said Sallie McAdams and her husband, the appellee, had been divorced, and the custody of their children awarded to the mother.   Upon demurrer setting up the statute of limitations in defense, the court below held, that it appeared from the face of the petition that the cause of action was barred by limitation of four years next before the death of the said L. A. Abercrombie and before the institution of the suit, and rendered judgment for the appellee.

When the legal title to property is vested in a trustee, who can sue for it, and fails to do so within the statutory period, an infant cestui who has only an equitable interest will also be barred; but the rule is otherwise when the legal title is vested in the infant, or cast upon him by operation of law.   Wood on Lim., sec. 208.   Such is the rule stated by Mr. Wood in his work on limitations of actions.   In this State, where equity and law are blended and administered together by the same court, we do not see any good reason why the exception in favor of an infant cestui should not continue, even if there is a trustee with the legal title authorized to sue.   But the rule as laid down by Mr. Wood has been adopted by our Supreme Court in the case of Collins v. McCarthy, 68 Texas, 150, between which and the case now before us we can see no substantial difference.   See, as having some bearing on the rule above stated, Thomas v. Greer, 6 Texas, 372;  Lacy v. Williams, 8 Texas, 182;  Hanks v. Crosby, 64 Texas, 483;  Rindge v. Oliphant, 62 Texas, 682; Guest v. Rhine, 16 Texas, 549, though the precise question was first decided in this State in Collins v. McCarty, supra.

Upon the authority of that case, the judgment of the court below will be affirmed.

                                                                        *Affirmed.*

Delivered June 13, 1895.