M. M. MILLER ET AL. v. V. F. ANDERS ET AL.

Decided March 25, 1899.

1. **Administrator's Sale—Deed Never Delivered.**

Where a sale of land by an administrator was confirmed, but he declined to deliver a deed because of the purchaser's refusal to excute a mortgage to secure his note given for the purchase money, and afterwards, by agreement, the administrator recovered judgment against the purchaser on the note, with foreclosure of a vendor's lien on the land and had the land sold thereunder, this operated to divest the estate of the title to the land, and the purchaser became entitled to the deed.

**2.  Same—Superior Title Not Left in the Estate.**

Where an administrator sold land on credit but did not deliver the deed because the executor refused to execute a mortgage back to secure his note, and the administrator then sued on the note and obtained judgment for its amount with foreclosure of a vendor's lien under which it was sold for a part of the judgment debt, the heirs of the estate could not assert against subsequent vendees of the purchaser that the superior title to the land had never been divested out of the estate.

**3.  Same—Limitations.**

A claim to subject land sold at an administrator's sale to the payment of a balance of the purchase money is barred by the lapse of nearly eighteen years from the rendition of a judgment against the purchaser on a note executed for the purchase price, and of thirteen years after the discharge of the administrator, with no action taken in the meantime to keep the judgment in force, although the purchaser's vendee, who assumed the payment of the purchase money, resided out of the State, where such an assumption by him was not accepted by the administrator nor the heirs.

ERROR from Hill.    Tried below before Hon. J. M. HALL.

*Gano, Gano & Gano,* for plaintiffs in error.

*McKinnon & Carlton,* for defendants in error.

RAINEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by Mrs. V. F. Anders, who was joined by her husband N. B. Anders, against G. W. Spalding and D. S. Hamilton, to recover 80 acres of land patented to M. M. Miller, assignee of Wm. Stull.  Appellants, who were the heirs of M. M. Miller, intervened, claiming a superior title to the land, and in the alternative to foreclose a judgment lien for the purchase money.   The defendant pleaded the general issue, pleas of limitations of three, five, and ten years, and suggestion of valuable improvements.   In reply to the plea of intervention, plaintiffs pleaded that W. T. Norment, a former husband of Mrs. Anders, is dead; that it is not shown there was any administration on his estate, and that the claim, which is the basis of the interveners' demand, was never presented to the administrator of Norment, nor in any way rejected by his administrator or executor, nor in any way attempted to be foreclosed in the probate court, and that this court is without jurisdiction to determine the matters and things set up in the plea of intervention.   And further pleaded general denial and statute of limitations of two, four, and ten years, and that in the sale of the land by the administrator to Kendall, through whom Mrs. Anders claims title, no express lien was reserved; and further, that the lien sought to be foreclosed by interveners in the alternative was barred by the ten years statute of limitations. The plaintiffs recovered judgment against all the parties, and interveners appeal.   The only controversy here is between plaintiffs and interveners.

*Conclusions of Fact.*—Coombes, the administrator of the estate of M. M. Miller, obtained from the probate court of Dallas County, where said administration was pending, permission to sell certain lands belonging to said estate, which included the tract in controversy and two tracts sit-

uated in Ellis County.    The sale was made and said three tracts were bid in by Kendall for the sum of $374.10, for which he executed to said Coombes his note with two sureties.    This sale was reported to the probate court by the administrator and confirmed by said court.    Said Coombes, administrator, executed a deed to said Kendall, but the same was not delivered at that time, because Kendall refused to execute a mortgage.    Subsequently, said administrator brought suit against Kendall and his sureties on said note, and on June 2, 1873, recovered judgment for $489.38, with stay of execution until August 1, 1873.    Subsequently, in 1876, by agreement the cause was redocketed and said administrator recovered judgment against said Kendall alone for said purchase money and foreclosing the lien on said land, a dismissal having been had as to the sureties, they being insolvent.    That an order of sale issued on the last judgment against Kendall to Ellis County, under which the two tracts of land situated in Ellis County were sold for the sum of $187.10, this amount being all that was received by said administrator on the purchase price of said lands.    There is no positive testimony that the deed executed by Coombes, as administrator, to Ellis County was ever delivered.    Coombes, by deposition, testified on this point that he made a deed to said Kendall but did not know where the deed was; that he kept it in his possession until judgment was rendered in 1876 against Kendall.

W. C. Ware testified that he was present at the former trial of this cause on the 21st day of March, 1894, and heard the testimony of said Coombes, who was introduced in person as a witness for defendant on said trial; that said Coombes is now dead; that he testified on said trial that the deed made by him as administrator of the estate of M. M. Miller, deceased, to Kendall to the land, was never delivered by him to said Kendall, because said Kendall would not comply with the terms of the sale and never paid the purchase money; that the said Coombes never did know what finally became of the deed; but as stated, it was never delivered to Kendall, because Kendall always refused to comply with the terms of the sale or to pay the purchase money.    In December, 1884, said Kendall executed a deed to W. T. Norment, the former husband of Mrs. Anders, and delivered the same to Judge E. G. Bower to be handed to Norment, upon Norment paying over to Bower the purchase money due by Kendall to Coombes, administrator.    The consideration for the making of said deed was forty chances at $10 per chance, making $400, in a raffle of a diamond cross then being gotten up by Norment, and the payment of the balance due by Kendall to said Coombes on the purchase price for said land.    Norment borrowed the deed from Judge Bower and never returned it to him.    The deed was recorded in Ellis County, January 25, 1875, and in Hill County, February 3, 1875.

At the time the land was sold under order of the court another tract was bid in by Nat Burford and a deed made to him by the said Coombes, in which no express lien was reserved on the land, and it was shown that that was the form of deed used at that time by said Coombes, as administrator.    In February, 1875, Norment and wife left the State of Texas,

and Norment never returned to Texas, and Mrs. Anders did not return to the State until she came with her present husband, two or three months before the institution of this suit in August, 1892.

Defendants in error filed their plea of intervention February 27, 1894. Mrs. Emma B. Miller, one of the interveners, was married to her present husband in 1860, and remained a married woman from that time to the trial of the cause. At the time of her marriage she was the surviving widow of M. M. Miller, deceased, who died in 1859, upon whose estate said Coombes subsequently administered. That Mrs. Mary C. Ezzell and A. B. Baskins and M. M. Miller, interveners herein, were the only children of M. M. Miller, deceased, and Mrs. Baskins and Mrs. Ezzell were both married prior to the close of the administration upon the Miller estate, and the discharge of said Coombes as administrator, which occurred in 1881. That they had continued married up to the time of the institution of this suit, Mrs. Ezzell being still married to S. R. Ezzell; that they were the sole heirs at law of said M. M. Miller, deceased, and had never received anything on account of the lands involved herein.

*Opinion.*—Under the facts of this case two propositions arise for solution. 1. Was the estate of Miller divested of title to the land in controversy by virtue of the proceedings stated in the foregoing conclusions of fact? 2. If so, were the interveners entitled to have the land subjected to the payment of the balance of the purchase money remaining unpaid?

On the first proposition, it is insisted by plaintiffs in error that there was no deed to the land delivered by the administrator Coombes to the purchaser Kendall, and for that reason no title passed to Kendall. There is no direct proof that the deed was delivered, but Coombes states that he held the deed until the trial of the cause, in which he, as administrator, recovered judgment on the note given by Kendall for the purchase money and foreclosing the lien on the land to secure the payment thereof, and that he did not know where it was. No account is given of the deed after this, and it is not improbable that he produced it on the trial at the time, and actual or constructive delivery thereof made to Kendall, as Kendall was entitled to a deed when he agreed to a recovery on the notes and the foreclosure of the lien.

But if there was in fact no delivery of the deed, we are of the opinion that the plaintiff in error, by reason of said judgment and the partial enforcement thereof, should not be heard to assert that there was no sale, as the procuring of said judgment by the administrator perfected the sale of the land to Kendall. Morris v. Turner, 5 Texas Civ. App., 708; Coddington v. Wells, 59 Texas, 49; Dalton v. Rust, 22 Texas, 133; Terrell v. McCown, 91 Texas, 231.

The evidence also shows that said judgment was rendered on an agreement between Coombes, administrator, and said Kendall that the cause should be redocketed and "that plaintiff have judgment for the amount of the note sued on, interest and costs, and for the foreclosure of his

vendor's lien upon the land set out and described in plaintiffs' petition; that the same be sold in satisfaction of the debt and costs," etc.

This was a consummation of the obligation resting upon Kendall to secure the payment of the note executed by him for the purchase money.

The effect of the agreement and foreclosure of the lien was substantially the same as though Kendall had executed a mortgage to secure the notes in the first instance and a foreclosure of the lien had by virtue thereof, and he was entitled to a conveyance as prescribed by law.

Plaintiffs in error also insist that as the statute required the administrator to take from the purchaser of land at an administrator's sale a mortgage to secure the deferred payments, the superior title remained in the estate, although the administrator executed and delivered to Kendall an absolute deed on its face and received no mortgage from Kendall.

We do not concur in this contention. Such a rule does not apply in contracts between parties when acting in their individual capacity, and the statutes existing at the time of the transaction under consideration did not indicate a different rule when applied to administrator's sales. On this proposition the Supreme Court, in the case of Ringe v. Oliphant, 62 Texas, 682, holds that, "Under a decree of the probate court ordering the sale of land of an estate to be made on a credit of twelve months with approved security and retaining a lien on the land to secure the payment of the purchase money, the deed reciting the sale by virtue of the order of the court of the tract of land in controversy and of another tract for a certain given sum without distinguishing the amount bid for the two tracts respectively, and the further fact that the purchaser had executed his note for the above named sum payable in twelve months as the consideration of the sale and in nowise reserving the vendor's lien in such deed, conveys title to the purchaser, and the note being barred the vendor's lien can not be enforced."

The procuring of judgment on the note against Kendall and the foreclosure of the lien and the proceeding to enforce it by the sale of the land in Ellis County thereunder, constituted an election on the part of the administrator to enforce the contract sale which bound the estate, and the heirs are not now in an attitude to rescind the sale and claim the land.

On the second proposition, that plaintiff was entitled to subject the land to the payment of the purchase money not paid, we are of opinion that the claim is barred by limitation. The statute of limitation began to run on the judgment against the estate before the administrator was discharged in 1881, and after his death limitation did not cease to run on account of the disabilities of plaintiffs in error. Nearly eighteen years elapsed from the rendition of the judgment against Kendall, and about thirteen years after the discharge of the administrator, before plaintiffs in error set up their claim, by intervening in this suit, there being no action taken in the meantime to keep the judgment in force. But it is insisted that the absence of Norment and wife from the State prevented a bar by limitation. The right to subject the land to the pay-

ment of the purchase money depended upon the enforcement of the judgment against Kendall, and as that is barred, no right of action exists thereon. Had the judgment against Kendall been kept alive, a different case would be presented; but that was not done. Norment having assumed the payment of the purchase money when he bought from Kendall, affords plaintiffs no relief, as such assumption was never accepted by the administrator nor by the plaintiffs in error.

As to the dealings with the land between Norment and Kendall, we are of opinion that plaintiffs in error are not concerned therewith. They stand in the position of plaintiffs in this action, and in order for them to recover they must show that the superior title remained in the estate. In this they have failed, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.