**GANNAWAY v. BARRERA et al.**

No. 9360.

Court of Civil Appeals of Texas. San Antonio.

May 23, 1934.

Rehearing Denied Oct. 3, 1934.

Montgomery, Hall & Taylor, of Edinburg, and McDaniel, Fulton & Thrasher, of McAllen, for appellant.

Brown & Bader and A. G. Haigh, all of Edinburg, and J. G. Foster, of Raymondville, for appellees.

SMITH, Justice.

J. R. Alamia and wife, Olivia V. Alamia, owned a certain 2,400-acre block of land in Hidalgo county. The former died on December 25, 1924, and the latter on January 31, 1927. Both died intestate. A. Y. Baker was appointed administrator of the estate, first, of J. R. Alamia, at his death, and, second, of Olivia V. Alamia, at her death. Baker administered the estate up to the time of his death, on November 1, 1930. J. G. Barrera later succeeded Baker as said administrator, qualifying as such on February 4, 1931.

The Alamias were survived by four minor children, Alfonso, Joe, Luis, and Alicia, who married Amador Rodriguez. Barrera was appointed and duly qualified as guardian of said minors.

This action was brought against L. A. Gannaway by Barrera, as administrator of said estates of the deceased Alamias, and also as guardian and next friend of said minors, and by the four children, including Alicia Rodriguez, joined pro forma by her husband.

The action was to recover of Gannaway the value of caliche ore which he was alleged to have mined and removed from said 2,400-acre block of land during the years 1925 to 1930 and converted to his own use. The amount sued for was $43,500.

In a trial without a jury the court rendered judgment in favor of the Alamia children, as heirs of their deceased parents, for $10,-900.95, with directions that the sums collected under said judgment be paid to said Barrera, as administrator. In all other respects judgment was rendered in favor of Gannaway, whereby recovery was denied to Barrera, as administrator and as guardian. Gannaway appealed.

The appeal rests upon two major contentions:

First, That as the Alamia estate was being administered by an administrator under the direction of the probate court, the right of action for damages to said estate was solely in said administrator, and the heirs of the decedents had no such right and could not maintain such action.

Second, That the right of action being in the administrator, and not in the heirs, the claim was subject to the bar of limitation, notwithstanding the concurrent disabilities of the heirs.

We sustain the first contention set out above, for "it is a well-settled general rule in this state that only the executor or administrator of the estate of a decedent may maintain a suit to recover property belonging to the estate. The heirs of such decedent have authority to maintain such suit only in the event there is no pending administration upon the estate, and no necessity for such administration. So where the heirs bring such action, it is incumbent upon them to affirmatively show by allegations in their petition and by evidence upon the trial that there is no administration pending, nor any necessity therefor, and, where the petition in such suit omits such allegations, it is subject to the general demurrer. Giddings v. Steele, 28 Tex. 732, 91 Am. Dec. 336; Green v. Rugely, 23 Tex. 539; Webster v. Willis, 56 Tex. 468; Rogers v. Kennard, 54 Tex. 37.

"Other exceptions to the general rule exist in cases where, there being an administration, it appears that the administrator will not or cannot act, or that his interest is antagonistic to that of the heirs desiring to sue. Rogers v. Kennard, supra; Lee v. Turner, 71 Tex. 266, 9 S. W. 150; Modern Woodmen v. Yanowsky (Tex. Civ. App.) 187 S. W. 728. But the facts constituting the exceptions must affirmatively appear in the petition of the heirs bringing suit, in order to avoid the force of the general demurrer. There were no such allegations in this case." 14 Tex. Jur., pp. 298, 334, 338, §§ 518, 549, 550, 553; Youngs v. Youngs (Tex. Civ. App.) 16 S.W.(2d) 426; Id. (Tex. Com. App.) 26 S.W. (2d) 191.

■ This rule is subject to a number of exceptions whereby the heirs may sue even where there is administration, such as when the administrator fails or refuses to bring suit, or for any reason cannot sue; or where his interest is adverse to that of the heirs. But none of these exceptions was sufficiently pleaded in this case, wherefore the rule may not be relaxed in aid of the judgment here appealed from. Accordingly, the judgment in favor of the individual heirs must be reversed.

■ The error, of rendering judgment for the heirs notwithstanding pendency of administration and the absence of pleaded exceptions to the rule invoked, is fundamental and should be noticed, even though not specifically assigned. 3 Tex. Jur., p. 180, § 119; Provident Life & Acc. Ins. Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650.

■ With reference to the second question raised, the applicable rule seems to be obscured and restricted by nice distinctions, if not by actual conflict in decisions. The general rule for the application of the bar of limitations is that the bar operates only against the holder of the legal title to property; that upon the death of the owner of property the legal title vests at once in his heirs, subject to the control of the administrator during his tenure; that where such heirs are minors, their right of action to retain or recover such property is not affected by limitation during their minority. To that rule there seems to be this exception, however, that in case of administration, when the cause of action arises during administration and accrues to the administrator as such, limitation will run against the administrator and the action be thereby barred, notwithstanding the disability of the heirs. Rindge v. Oliphint, 62 Tex. 682; Belt v. Cetti, 100 Tex. 98, 93 S. W. 1000; Collins v. McCarty, 68 Tex. 153, 3 S. W. 730, 2 Am. St. Rep. 475; Wiess v. Goodhue, 98 Tex. 274, 83 S. W. 178; Hanks v. Crosby, 64 Tex. 483; Melton v. Beasley, 56 Tex. Civ. App. 537, 121 S. W. 574; McAdams v. McAdams, 10 Tex. Civ. App. 653, 32 S. W. 87.

This exception to the general rule may be of doubtful stability, as well as of reason, but seems to be established, nevertheless, by process of a sort of erosion, to avoid directly overruling the decision in Rindge v. Oliphint, supra. We pass to higher courts the apparent duty, if not inevitable task, of finally casting out the doctrine set up in the latter case.

■ Be that as it may, it is obvious from the record that the cause of action here sued on arose during the pendency of administration, and in favor of the administrator as such, and therefore under the exception stated, limitation ran against the administrator and operated upon the minor heirs as well.

■ In view of another trial, we refrain from deciding or discussing the question of the alleged fraudulent conspiracy between appellant and the original administrator, and

the question of whether the evidence established the fact that the full limitation period lapsed before suit was brought. We think if the alleged fraud be proven, and it be further shown that the fraud was concealed from administrator, Barrera, and that he could not reasonably have sooner learned the facts thereof, the bar of limitation would be postponed accordingly. The case should be repleaded in all its aspects.

The judgment will be reversed and the cause remanded.