Court of Civil Appeals of Texas. Beaumont.
Nov. 16, 1939.

Rehearing Denied Nov. 29, 1939.

R. E. Seagler and Nelson Jones, both of
Houston, and Orgain, Carroll & Bell, of
Beaumont, for appellants.

W. D. Gordon and Gordon Baten, both
of Beaumont, for appellees.

O'QUINN, Justice.

This suit was brought by S. R. Perry-
man, alleged non compos mentis, through
Mrs. Ala Bonner, guardian of the estate
of said S. R. Perryman, against The
Broussard Trust et al., defendants. Plain-
tiff's original petition was in trespass to
try title to recover an undivided one eighth
interest in 160 acres of land described as
Lots Nos. 3, 4, 5, 6, 7 and 8, in Block 12,
and Lots 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, in
Block 13 of the Reppen Subdivision of the
West one-half of the M. Pevito League in
Jefferson County, Texas, according to the
map or plat of said land of record in Vol.
6, p. 188 of the Mortgage and Lien Records
of said Jefferson County, Texas. Plaintiff
also prayed for partition.

The defendants filed answers consisting
of general demurrer, general denial, plea
of not guilty, and the 3, 5, 10 and 25 year
statutes of limitation (Vernon's Ann.Civ.

St. arts. 5507, 5509, 5510, 5519). The defendants, other than J. T. Perryman, Jr., also filed a cross-action against said S. R. Perryman and Mrs. Ala Bonner, alleging title to the land in themselves by virtue of the 3, 5, 10, and 25 year statutes of limitation, and prayed for recovery of the land described in plaintiff's petition.

By supplemental petition plaintiff pleaded in avoidance of the statutes of limitation pleaded by defendants that S. R. Perryman had been adjudicated to be a person of unsound mind on January 28, 1911, and had been continuously under such disability since said time. By supplemental answer the defendants, other than J. T. Perryman, Jr., pleaded that if S. R. Perryman ever had any title to the land sued for same was an equitable title only, and that the legal title was held by one L. A. Kottwitz as trustee for said S. R. Perryman, and that the statutes of limitation plead by the defendants had barred all right of action on the part of said Kottwitz, trustee, holder of the legal title, to recover the land, and, therefore, had barred also all rights of S. R. Perryman, the holder of the equitable title. An identical pleading was included in his first amended original answer of the defendant J. T. Perryman, Jr.

The case was submitted to the court upon an agreed statement of facts, and judgment rendered for plaintiff for the title and possession of the land involved, an undivided one eighth interest in the 160 acre tract, and reciting that no partition was ordered for the reason that the prayer for same had been withdrawn, from which order and judgment of the court the defendants have brought this appeal.

As stated, the case was tried to the court upon an agreed statement of facts. The defendants, appellants, moved the court to make and file his findings of fact and conclusions of law. This motion was granted and the court adopted as his findings the facts set forth in the agreed statement upon which the case was tried, which reads:

"Stipulation.

"For the purposes of trial of this case, the following stipulation is made:

"1. That the plaintiff, S. R. Perryman, is now of unsound mind and has continuously been of unsound mind from the 1st day of November, 1910. That upon the 28th day of January, 1911, Viola Perryman was granted letters of guardianship by the Probate Court of Bexar County, Texas, for the Estate of S. R. Perryman, a person of unsound mind. That Mrs. Ala Bonner is now guardian of the Estate of S. R. Perryman and was guardian at the time of the filing of this suit. It is stipulated that S. R. Perryman was a person of sound mind up to October 1, 1910. That this suit was filed June 29, 1937.

"2. That by deed of date May 5, 1908, filed for record May 25, 1908, recorded Vol. 100, page 459, Deed Records of Jefferson County, Texas, and by deed of date May 6, 1908, filed for record May 25, 1908, and recorded in Vol. 100, page 458, the fee simple title to said land in controversy was conveyed to L. A. Kottwitz, and that L. A. Kottwitz received by said deeds legal title thereto regularly from the sovereignty of the soil.

"3. That to the extent of a one-eighth (1/8th) undivided interest in said land L. A. Kottwitz held the legal title thereto in trust for S. R. Perryman. That L. A. Kottwitz, individually, has never made any transfer of said undivided one-eighth (1/8th) interest of said legal title, but such title, if any, as is held by L. A. Kottwitz, is held by him in trust for the use and benefit of the said S. R. Perryman. Provided that nothing in this stipulation shall be construed as an admission by the defendants that they do not hold title under the deed of Jake Giles, Sheriff, to Charles R. Reynolds of date June 1, 1909, and recorded in Vol. 111, page 335, et seq., Deed Records of Jefferson County, and/or by reason of the various statutes of limitation pleaded by the defendants.

"4. The judgment in the case of Thos. N. Hill vs. L. A. Kottwitz and S. R. Perryman, No. 7695 in the County Court of Harris County, Texas, out of which order of sale was issued under which Jake Giles, sold the land in controversy to Charles R. Reynolds, by deed of date June 1, 1909, specifically set out that L. A. Kottwitz was holding the legal title to the land held in trust to the extent of an undivided seven-eighths (7/8ths) for other parties, of which it is now stipulated that one-eighth (1/8th) of the whole was held in trust for S. R. Perryman. The judgment was for recovery of money against Kottwitz and not against S. R. Perryman, but that Perryman go hence without day with his costs.

"That during the pendency of said suit the attachment was regularly levied upon the land in controversy as the property of L. A. Kottwitz, but in the final judg-

ment it was decreed that said attachment created a lien only on the individual interest of L. A. Kottwitz, to-wit, a one-eighth (1/8th) interest as hereinbefore stipulated. In the citation in the above suit as originally filed in the Justice Court of Jefferson County, as well as the subsequent citation from Harris County, in which suit the attachment issued, it is shown that T. N. Hill, plaintiff in said suit, alleged that Kottwitz held the legal title of said land in trust for the use and benefit of the stockholders of the Beaumont Oil & Mineral Company, and in this connection it is stipulated that S. R. Perryman was the owner of an one-eighth (1/8th) interest in the stock of said company and out of which his equitable interest in the land in controversy as held by Kottwitz arises.

"5. That subsequent to the date of his purchase at the sheriff's sale on June 1, 1909, and prior to the date of his conveyance to Twenty Investment Company on December 5, 1912, C. R. Reynolds acquired by quit-claim or special warranty deeds any outstanding title of the other stockholders of the Beaumont Oil & Mineral Company, and being the beneficial owners other than S. R. Perryman, for whom Kottwitz held in trust, and such title so acquired under the quit-claim and special warranty deeds was acquired on or about June or July, 1911, and subsequent to the date of the guardianship proceedings in Bexar County on the estate of S. R. Perryman.

"6. That the judgment in cause No. 7695, Thos. N. Hill vs. L. A. Kottwitz, was never recorded in Jefferson County and that the order of sale as issued by the County Clerk of Harris County in said cause No. 7695 in no way showed by limitation or otherwise that the interest of L. A. Kottwitz in the land in controversy upon which levy was made and upon which foreclosure was had, was less than the whole thereof.

"7. That under said order of sale the Sheriff of Jefferson County levied his writ upon the land in controversy, the said land being described therein by lot number and as consisting of one hundred sixty (160) acres of land and being the same land conveyed to L. A. Kottwitz and described in the attachment proceedings in said cause.

"8. That by deed of date June 1, 1909, filed for record June 1, 1909, recorded in Vol. 111, page 335, Deed Records of Jefferson County, said land as so described and being the land in controversy, was conveyed by Jake Giles, Sheriff, to Charles R. Reynolds.

"8A. It is stipulated that on or about May 20, 1908, L. A. Kottwitz, before one —————— Damron, a Notary Public in and for Harris County, Texas, made affidavit to the effect that he held the legal title of the land in controversy under a conveyance dated May 5, 1908, and that he held the same in trust for the following parties, to-wit: G. W. Crampton, a one half (1/2) interest; and to each of the following parties, an undivided one-eighth (1/8th) interest, viz. L. Goldstein, W. C. Moore, S. R. Perryman and L. A. Kottwitz; and the instrument was to acknowledge that he, Kottwitz, held the legal title for the parties in the proportions therein mentioned, and this affidavit was not filed for record until June 2, 1909, and is recorded in Vol. 111, page 345, of the Deed Records of Jefferson County, Texas.

"9. That by deed of date December 3, 1912, filed for record December 5, 1912, and recorded in Vol. 132, page 507, Deed Records of Jefferson County, Charles R. Reynolds by deed conveyed the land in controversy to B. R. Norvell, Hal G. Land and C. H. Chambers, Trustees of the Twenty Investment Company, Ltd. That said deed was a general warranty to the extent of a seven-eighths (7/8ths) interest and a special warranty as to a one-eighth (1/8th) interest.

"10. That on January 14, 1914, Twenty Investment Company, Ltd., by its duly appointed and authorized trustees, conveyed said lands, together with other lands, altogether consisting of 607½ acres, by deed to W. O. Turner and E. W. Boyt, which deed was filed for record January 19, 1914, and recorded in Vol. 139, page 623, et seq., Deed Records of Jefferson County. That said deed is a warranty deed as to all of the property conveyed, except as to a one-eighth (1/8th) interest in the one hundred sixty (160) acres of land in controversy, as to which it is a special warranty deed.

"11. That subsequent thereto, W. O. Turner and E. W. Boyt divided as between themselves the land so conveyed to them by Twenty Investment Company, Ltd., the land in controversy being of the portion set aside to E. W. Boyt and that said W. O. Turner by deed of date June 25, 1917, in pursuance of said partition conveyed to E. W. Boyt, together with other lands, all the land in controversy, which deed was

filed for record July 3, 1917, and recorded in Vol. 165, page 428.

"12. That by deed of date October 15, 1934, E. W. Boyt and wife, Blanch Boyt, conveyed the land in controversy to the defendants herein other than J. T. Perryman, Jr.

"13. J. T. Perryman, Jr. by mineral lease of date the 9th day of February, 1937, recorded in Vol. 430, page 64, Deed Records of Jefferson County, acquired an oil, gas and mineral lease from the other defendants in this case to the land in controversy, which lease is as between said parties in full force and effect, and which lease has never been ratified or agreed to by plaintiff, S. R. Perryman.

"14. That in January, 1914, immediately after the sale by Twenty Investment Company, Ltd., to W. O. Turner and E. W. Boyt of the land in controversy, they, Boyt and Turner, fenced this land, together with other lands, with a good and substantial fence, which fence has been continuously maintained by the said Turner and Boyt until the sale of same to The Broussard Trust, et al., in October, 1934, and has by the grantees in said deed been continuously maintained since said time.

"15. That from the time of the fencing of same in 1914 by Turner and Boyt down to the time of filing of this suit, the defendants, and those under whom they claim, have had the peaceable and adverse possession of said land, cultivating, using or enjoying the same, and paying all taxes thereon as they accrued and claiming the ownership of said land under a deed or deeds duly registered.

"16. That during each and every year beginning with the year 1914, and including the year 1916, Turner and Boyt rendered for taxation and paid all taxes on said land before delinquencies, except that taxes for 1915 were not paid until March, 1916; and beginning with the year 1916 down to and including the year 1934, E. W. Boyt rendered for taxation and paid all taxes on said land each and every year before delinquency, and beginning with the year 1935 and down to and including the year 1937, said land was rendered for taxation by the defendants herein and all taxes paid by them each and every year as they accrued before delinquency. That for the years 1912 and 1913 said land was rendered by Twenty Investment Company, Inc., and all taxes paid thereon before delinquency. That for the year 1910 and 1911 said land was rendered for taxation by C. R. Reynolds and all taxes paid thereon by him as they accrued. That for the years 1906 to 1909, inclusive, said lands were assessed to an unknown and in 1911 all back taxes for said years were paid by C. R. Reynolds.

"17. It is further stipulated and agreed that nothing herein shall prevent either of the parties hereto from introducing in evidence any matters they might think proper provided that same not be in contravention of anything herein stipulated.

"This the 30th day of January, A. D. 1939."

Upon these facts, the court concluded that:

"(1) The one hundred and sixty (160) acres of land described in these proceedings was originally held in fee simple by a concern called the Beaumont Oil & Mineral Company, and the stock interest of such concern was held by the following persons: G. W. Crampton one-half (1/2) interest, and the following individuals one-eighth interest each, to-wit: L. Goldstein, W. C. Moore, S. R. Perryman and L. A. Kottwitz; and the title by legal proceedings passed from said Beaumont Oil & Mineral Company to all of the aforesaid individuals, who became tenants in common of the entire property in that exact proportion.

"The deed, however, was made to the said L. A. Kottwitz, owner of one-eighth (1/8th) interest in the property, as an express trust for the other seven-eighths (7/8ths) interest. As such, the said Kottwitz held the naked, legal title for the owners of the land in the proportions stated.

"(2) A Judgment was rendered against the said L. A. Kottwitz in the County Court of Harris County, Texas, in the case of Thos. N. Hill, as plaintiff vs. L. A. Kottwitz as defendant, for a debt claimed by the plaintiff in that suit, and the one-eighth (1/8) interest of Kottwitz decreed by that judgment to be his interest in said land, was ordered sold as under execution, and was sold by the Sheriff of Jefferson County, Texas, on June 1, 1909, to Charles R. Reynolds.

"The judicial proceedings, both in the plaintiff's petition and in the judgment, dealt only with the one-eighth (1/8) interest in the land as belonging to the judgment-debtor Kottwitz, and was the sole basis for the transfer of Kottwitz' title under the Sheriff's sale.

"This conveyance passed no more than such one-eighth interest, and did not affect the co-tenants of Kottwitz in the other seven-eighths (7/8) interest in the land.

"The title thus taken by the said Reynolds constituted him a co-tenant with the other named associates and co-tenants of Kottwitz. It placed Reynolds in the shoes of the said Kottwitz as to his interest of one-eighth in the said land. And the proceedings under which he held, and the facts stipulated, charged all persons then, and thereafter, with the facts as to the interest of the parties owning the other seven-eighths; the declaration of said Kottwitz, in the form of his affidavit, being filed on the 2nd day of June, 1909, and duly recorded in Jefferson County, showing that he was a naked trustee, holding said land in his name for the benefit of his co-tenants.

"(3) Mr. Reynolds, the purchaser of Kottwitz's one-eighth interest at the Sheriff's sale in 1909, in June or July, 1911, bought out the other undivided interests, taking quit claim and special warranty deed from all of them except Perryman, who at that time was insane; the deed from them reciting that their interest was t'ie portion held for them in trust by Kottwitz, they being the former stockholders and beneficial owners of the land, as above stated. He thus became the full and complete owner of seven-eighths of the land, leaving one-eighth in Perryman, with whom he was in legal relation of tenant in common of the one hundred and sixty (160) acres of land.

"(4) Having thus acquired said interests, Mr. Reynolds on the 3rd day of December, 1912, conveyed the land to Norvell and others, as Trustees of the Twenty Investment Company, limited, giving a warranty deed to the extent to the seven-eighths interest which he had thus acquired, and providing a special warranty deed as to the one-eighth interest at that time owned by Perryman.

"(5) These Trustees of the Twenty Investment Company, Ltd., on the 14th day of January, 1914, conveyed this one hundred and sixty (160) acres in a deed covering other additional lands, aggregating 607½ acres, to Turner & Boyt by a warranty deed to all of the property conveyed, except as to one-eighth interest in the 160 acres, as to which the warranty was special. The grantees thus became co-tenants with Perryman, as to the title in the proportions stated, to the 160 acres of land.

"(6) Up to the date of the last named conveyance, the property in controversy was not occupied by any of the co-tenants, but was immediately fenced by Turner & Boyt, which fence was continuously maintained since that time. They and their subsequent vendees, the present defendants, holding the same chain of title and claim of ownership, using the land and cultivating it, and paying the taxes thereon and claiming its ownership.

"During all of which period of time, from the date of the first occupancy in 1914, to the present time, the plaintiff S. R. Perryman has been under the disability of insanity, and has not as matter of law been capable of receiving notice, actually or constructively, of any hostile or adverse claim to his interest in the land; nor have such facts affected his right or title as a co-owner of said property to the extent of his one-eighth interest held by his co-tenants.

"(7) I find as matter of law, that the interest of the said S. R. Perryman has at all times been the interest in common tenancy with the defendants, and those under whom they claim, and that neither the claim of adverse possession nor limitation under the Texas statutes have in any wise affected, in behalf of the defendants, or their predecessors in interest, the title and estate in said land so vested in the said S. R. Perryman, and that he is entitled to recover it in accordance with his pleadings filed in this case.

"Judgment has been entered awarding such recovery.

"R. L. Murray, Judge Presiding."

From an inspection of the record, we have concluded that the only issue involved upon this appeal is the proper legal deductions to be made from the agreed facts set out above. We think the only question to be determined is whether the five and ten year statutes of limitation were prevented from running by the disability of appellee S. R. Perryman. The court concluded that limitation had not run because of his disability notwithstanding the fact that the legal title to the land was not in Perryman, but was in Kottwitz his trustee who was sui juris. Also the court concluded that appellants were cotenants with appellee by virtue of the fact that C. R. Reynolds, who was in appellants' chain of title, was a cotenant with Kottwitz, who was trustee for appellee.

Appellants contend that because the legal title was in Kottwitz, trustee of Perryman, and who was not under disability, limitation had barred any cause of action by Kottwitz, and therefore barred appellee's suit as well; in other words, that since the legal title to the land was vested in Kottwitz, as trustee for Perryman, the running of the statutes of limitation was not affected by the fact that appellee, Perryman, was insane; and therefore, under the agreed statement of facts, the five and ten year statutes of limitation plead by appellants, were and are a complete bar to appellee's suit.

We sustain this contention. Record title to the entire 160 acres was conveyed to Kottwitz May 5, 1908. According to the agreed statement of facts, Kottwitz held the legal title to an undivided one-eighth interest in said 160 acres in trust for appellee, Perryman. That is the land involved in this suit. Kottwitz has never made any conveyance of this one-eighth interest to any one. Appellee, Perryman, has been insane continuously since November 1, 1910. Appellants' predecessors in title, W. O. Turner and E. W. Boyt, in January, 1914, fenced the land in controversy with a good and substantial fence which was continuously maintained by them up to and until they sold the land in October, 1934, to appellant The Broussard Trust, and has by the grantees in said conveyance been continuously maintained since said time. In the agreed statement of facts it is stated: "That from the time of the fencing of same in 1914 by said Turner and Boyt down to the time of the filing of this suit, the defendants, and those under whom they claim, have had the peaceable and adverse possession of said land, cultivating, using or enjoying the same, and paying all taxes thereon as they accrued and claiming the ownership of said land under a deed or deeds duly registered." It is well settled that when the legal title to land is vested in a trustee for the benefit of another, limitation will run against such trustee in favor of an adverse claimant in possession, and when the bar of the statute is complete against the legal title vested in the trustee, it applies also to the equitable title of the cestui ques trust, and this though the cestui que trust be all the time under disability. Collins v. McCarty, 68 Tex. 150, 3 S.W. 730, 2 Am.St.Rep. 475; McAdams v. McAdams, 10 Tex.Civ.App. 653, 32 S.W. 87; Wiess v. Goodhue, 98

Tex. 274, 83 S.W. 178; Belt v. Cetti, 100 Tex. 92, 97, 93 S.W. 1000; 2 Tex.Jur. § 20, pp. 44, 45, notes 15, 16 and 17; 28 Tex.Jur. § 139, p. 239, note 18; 17 R.C.L. § 353, p. 977; 2 A.L.R. 50. The rule would be otherwise if the *legal* title to the property involved was in the cestui que trust.

But appellee insists that appellants and their predecessors in title to the undivided seven-eighths interest in the land were cotenants with S. R. Perryman and his trustee Kottwitz, holding the one-eighth interest in the land for him, Perryman, and so limitation could not and did not run against appellee and become perfect to divest the title out of appellee and vest same in appellants. This contention is overruled. As reflected by the agreed statement of facts, in 1905 title to the whole tract of 160 acres of land was vested by deeds duly executed and placed of record in Kottwitz seven-eighths of which was in trust for the benefit of others, among whom was S. R. Perryman to the extent of one-eighth of the land. Kottwitz in his individual right owned a one-eighth interest in the 160 acres. Thos. N. Hill secured judgment in the County Court of Harris County, Texas, against Kottwitz. Execution was issued and levied upon the land as the property of Kottwitz and at execution sale the sheriff sold the whole of the 160 acres to Charles R. Reynolds and duly executed a deed to him for same. The judgment authorized a sale *only of the one-eighth interest owned by Kottwitz,* and recited that Kottwitz held the remaining seven-eighths of the land as trustee for others. Therefore, the sale by the sheriff of the entire 160 acres passed title to Reynolds only to the one-eighth interest owned by Kottwitz, and did not affect the legal or equitable title to the remaining seven-eighths. Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871; Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319; Fink v. Grevsgard, Tex.Civ.App., 123 S.W.2d 383, writ refused; Taylor v. American Trust & Savings Bank, Tex.Civ.App., 265 S.W. 727; Criswell v. Ragsdale, 18 Tex. 443; 18 Tex.Jur. 956; 16 R.C.L. 25–144. Again, since Kottwitz held only the legal title to the Perryman one-eighth interest in the land, having no beneficial interest therein, he had no interest in the Perryman one-eighth that was subject to execution, and therefore, the sheriff's sale to Reynolds was a nullity insofar as said

Perryman one-eighth interest was concerned, and conveyed no title whatever to Reynolds to same. Gray v. Kaliski, Tex. Com.App., 45 S.W.2d 157; Brotherton v. Anderson, 27 Tex.Civ.App. 587, 66 S.W. 682, writ refused; Catlin v. Bennatt, 47 Tex. 165; 2 Freeman on Judgments, 5th Ed., § 956; 23 C.J. 342; 17 R.C.L. 125. Nor did the execution on May 20, 1908, of the affidavit by Kottwitz before a Notary Public that he held the one-eighth interest in the land in trust for S. R. Perryman have the effect of a legal conveyance of the legal title to one-eighth of the land to said Perryman. Johnson v. Darr, 114 Tex. 516, 272 S.W. 1098. The sale of Kottwitz's one-eighth under execution by the sheriff to Reynolds made him a tenant in common with the other owners, including Kottwitz as trustee for Perryman. Subsequent to June 1, 1909, the date of the sheriff's deed to Reynolds conveying to him legal title to the Kottwitz one-eighth interest, and prior to December 5, 1912, C. R. Reynolds (about June or July, 1911), acquired by conveyances the Hampton one-half interest, and the Goldstein and Moore one-eighth interests each. This left outstanding the Perryman one-eighth interest held in trust for him by Kottwitz. On December 5, 1912, C. R. Reynolds conveyed the *whole* of the 160 acres to B. R. Norvell, Hal G. Land, and C. H. Chambers, Trustees of the Twenty Investment Company, Ltd. This deed was a general warranty deed to seven-eighths interest and special warranty to one-eighth interest. This deed was duly recorded. On January 14, 1914, the Twenty Investment Company, Ltd., by its duly appointed trustees, conveyed, with other lands, the *whole* of the 160 acres of land to W. O. Turner and E. W. Boyt. This deed was a general warranty deed to seven-eighths interest and special warranty to one-eighth interest. This deed was duly recorded. Immediately after the sale of the land by the Twenty Investment Company, Ltd., to W. O. Turner and E. W. Boyt they took possession of the land and fenced same with a good and sufficient fence which they continuously maintained to January 25, 1917, when W. O. Turner, in partitioning their joint interests, conveyed his interest in said land to Boyt. Boyt continued his possession and use of the land until October 15, 1934, when he and his wife conveyed the land to appellants other than J. T. Perryman, Jr. This deed was duly recorded. Reynolds, and his grantees,

Twenty Investment Company, Ltd., and its grantees, Turner and Boyt, and their grantees, appellants, other than J. T. Perryman, Jr., held possession of the land, rendered same for taxes and paid all taxes on the land as they accrued down to the filing of this suit. When, on December 5, 1912, Reynolds conveyed the whole of the 160 acres of land to the Twenty Investment Company, Ltd., this was a repudiation of his cotenancy with appellee in the land. Likewise on January 14, 1914, when the Twenty Investment Company, Ltd., conveyed all of the land to Turner and Boyt, if there had been no previous repudiation of the cotenancy, this was a repudiation of any cotenancy theretofore existing, and an assertion of right and title in and to all of the land. So, when Turner and Boyt took possession of the land and fenced the whole of it under their deed from the Twenty Investment Company, Ltd., claiming title to the whole. So, when Turner conveyed his interest in the whole of the land to Boyt, and when, on October 15, 1934, Boyt and his wife conveyed the whole of the 160 acres to appellants. Each of said acts and conveyances was a repudiation of any and all rights of appellee in respect to the land. As was said by Judge German, speaking for the Commission of Appeals, in Republic Production Company v. Lee, 132 Tex. 254, 121 S.W.2d 973, 978: "It has long been settled in Texas that a conveyance by one cotenant to a stranger, or by one or more cotenants to another cotenant, purporting to convey the entire common property, when followed by actual adverse possession, amounts to a disseizin of the non-participating cotenant; and record of such conveyance, followed by possession, constitutes notice of the repudiation."

The trial court erred in holding that, under the agreed facts, appellants were cotenants with Kottwitz, trustee holding the legal title to the land for Perryman. Republic Production Co. v. Lee, 132 Tex. 254, 121 S.W.2d 973; Jones v. Siler, 129 Tex. 18, 100 S.W.2d 352; McCook v. Amerada Pet. Corp., Tex.Civ.App., 93 S.W.2d 482; McBurney v. Knox, Tex.Com.App., 273 S.W. 819; Honea v. Arledge, 56 Tex.Civ. App. 296, 120 S.W. 508, writ refused; Cryer v. Andrews, 11 Tex. 170.

From what we have said it follows that the judgment of the trial court should be reversed and here rendered for appellants, and it is so ordered. Reversed and rendered.